NETTIE M. DIKE, APPELLANT, V. JOHN ANDREWS ET AL., APPELLEES.

FILED JANUARY 8, 1908.   No. 15,022.

Interest on Judgment. Where judgment has been entered on a penal bond given to secure the payment of money in monthly instalments, a part of which were not due at the date of the entry of the judgment, interest should not be computed on the full amount of the judgment, but only on such instalments as are not paid at maturity, and then from the date of their maturity up to the time of their payment.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*W. G. Hastings,* for appellant.

*J. H. Grimm, contra.*

DUFFIE, C.

December 15, 1900, defendants became sureties upon a bond given in a bastardy proceeding, the penalty of the bond being $500. The order in the bastardy proceeding required the defendant in that case to pay the plaintiff thereon the sum of $6 a month for a term of 12 years. Default was made in the payment of these monthly instalments, whereupon suit was brought upon the bond and

judgment entered against the defendants herein for $500, the full amount of the penalty. At different dates since the entry of said judgment defendants had made payments, amounting in the aggregate to $521.10. In June, 1906, plaintiff obtained an order directed to the defendants to show cause why execution should not issue against them on this judgment. Defendants appeared, and insisted that the judgment had been fully paid, and that the order should be discharged. The court entered an order finding that the judgment had been paid in full, and dismissing the rule. Plaintiff has appealed.

It will be noticed that by the terms of the judgment in the bastardy proceeding the defendant in that case was required to pay the plaintiff $6 a month for a term of 12 years. The bond upon which the defendants became sureties was executed for the purpose of securing such monthly payments. The question in issue between the parties is the interest which should be computed upon said judgment; the defendants insisting that interest should be computed upon such monthly instalments as they failed to pay at maturity, while plaintiff insists that interest should be computed upon the full amount of the judgment up to the date of the first payment made thereon, and upon the balance remaining due upon the judgment after each of the several partial payments which the record shows was made. If interest should be computed only on the monthly instalments after they fell due up to the time of their payment, defendants have paid the full amouunt due upon the judgment, and the order appealed from should be affirmed; but, if interest is to be computed upon the full amount of the judgment, giving the defendants credit for the partial payments made at the several dates of such payment, then there is a remainder of something more than $80 still unpaid upon the judgment. The judgment entry in the suit upon the bond is in the following words: "On this 15th day of December, A. D. 1900, this being the 12th day of this term of court, this cause came on for hearing on plaintiff's motion for a judgment on the pleadings, and the same was argued and submitted

to the court, and, the court being fully advised in the premises, the motion was sustained, and the court finds for the plaintiff for the penalty on the bond set forth in plaintiff's petition the sum of $500; due on said penalty on November 24, 1900, the sum of $132, for which execution is awarded. Defendant excepts to the finding of the court. It is therefore considered and adjudged by the court that the plaintiff have and recover of and from the defendants the penalty of the bond, being $500, of which amount the sum of $132 was due November 24, 1900, for which amount execution is awarded." No question is raised as to the form of the judgment entered, and the plaintiff does not contend that it could be collected otherwise than as the monthly instalments of $6 matured.

The sole question then is: How should interest be computed on this judgment? Our statute provides that interest on all decrees and judgments for payment of money shall be from the date of rendition thereof at the rate of $7 on each $100 annually until the same shall be paid. Ann. St., sec. 6727. We think this statute has reference to judgments and decrees which may be immediately collected. The language is "interest on all decrees and judgments for the payment of money," indicating that the money is immediately due and collectible, and that its nonpayment by the defendant is a breach of duty on his part. The cases cited by plaintiff in support of his claim that interest should be computed upon the full face of the judgment do not, in our opinion, bear out his contention. *People v. Birdsall*, 20 Johns. (N. Y.) *297, is not in point. It appears from the facts stated by the reporter that judgment had first to be obtained against a sheriff for default in his office before suit could be maintained on his official bond and his sureties made liable. The reporter in that case refers to the statute in the following words: "By the *sixth* section of the act, it is declared that in case of any recovery by any party aggrieved against any sheriff for any default, etc., it shall be lawful for the judges of this court, upon motion in open court, to order the bond given

by the sheriff to be put in suit against him and his sureties; and, when judgment is obtained, the court shall, on motion in open court, direct so much to be levied thereon as shall be sufficient to pay to the party aggrieved his debt, etc. And that if, after judgment obtained upon such bond, any other party aggrieved, and who shall have recovered any debt or damages against such sheriff for any default, etc., shall apply to the court for relief, the court shall, upon motion in open court, direct such further sum to be levied on such judgment, etc., as shall be sufficient to pay the debt, etc., to such party aggrieved." One Jackson obtained leave to issue execution on a judgment theretofore obtained on the official bond of the sheriff at the suit of Meeker and King, and a motion to set aside this order was made on behalf of the sheriff's sureties upon two grounds: First, that no notice of the motion was served upon them; and, second, that the order for execution allowed the collection of interest on Jackson's judgment against the sheriff. The motion was sustained on the first ground, the court holding that the sureties were entitled to notice before the order was granted, but was overruled as to the second ground, the court holding that Jackson was entitled to interest on his judgment if the judgment was one that would carry interest. This is far from holding that the judgment on the official bond carried interest from its entry on such sums as were not then due, but which might be collected on it in the future. *Winslow v. Assignees of Ancrum,* 1 McCord Eq. (S. Car.) *100, also cited by the plaintiff as a case in point, does not uphold plaintiff's contention. The court, after stating that a judgment on a simple contract drew interest, added: "But the rule holds good also on judgments on penal bonds, if in fact the amount of the penalty be actually due and owing for principal and interest at the time of the judgment rendered." In other words, the holding was that, if there was due the plaintiff, when judgment on the penal bond was entered, the full amount of the penalty on the bond, interest could then be computed upon the

judgment. The court presumed that the penalty in the bond for which judgment was given was not greater than the amount actually due the plaintiff and which the bond was given to secure, and interest on the judgment was allowed. The only case we have found where the question was discussed is *State v. Sarratt*, 14 Rich. (S. Car.) 29. The following is taken from the syllabus: "Under proceedings for bastardy commenced before the child has attained the age of 12 years, the father, upon conviction, may be required to enter into recognizance to pay $25 a year, counting from the birth of the child, until its attainment of 12 years of age. The statute of limitations does not bar the prosecution, in cases of bastardy, for the annual penalties that had accrued before the proceedings were commenced. As interest is not chargeable upon the annual penalties, the jury, in allowing credit for advances made for the maintenance of the child, need not ascertain the time when the advances were made." It is true the opinion makes no reference to any statutory allowance of interest upon judgments or decrees of court, but the presumption must obtain that such a statute exists in every state where interest upon money due by contract is allowed.

After a somewhat extended search, we have been unable to find a case allowing interest on a judgment entered on a penal bond for such sums as the judgment may secure, but which are not immediately due and payable. Our examination has convinced us that interest on judgments of the character of the one in question should be computed only on such instalments as matured, from the date of their maturity until paid. This being the rule adopted by the district court, we recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.