JENNIE TURCO, APPELLEE, V. JOSEPH TURCO, APPELLANT.

FILED DECEMBER 7, 1934. No. 29065.

*John A. McKenzie* and *Edgar S. Hickey*, for appellant.

*Grenville P. North*, contra.

Heard before GOSS, C. J., ROSE, GOOD and EBERLY, JJ., and ELDRED, District Judge.

GOSS, C. J.

Plaintiff was granted a decree of divorce, alimony in the sum of $1,000 payable $20 a month, additional attorney's fees of $250, and certain other amounts for the support of two children, depending on whether they were with their mother or maternal grandmother; the decree found and adjudged the parties each to be the owner of an undivided half interest in the described home, awarded its use to plaintiff so long as she lived there, and ordered a referee's sale thereof if she moved out and that half of the net proceeds of the sale be paid to her. Defendant appealed and plaintiff cross-appealed.

While the parties in their briefs debated the question of divorce, on the oral argument they at least tacitly

agreed that it might as well stand. There was evidence to support that portion of the decree. Appellant however assigns error in awarding plaintiff $1,000 for herself and $250 attorney's fee, on the ground it is too much, and appellee cross-appeals and assigns error on the ground that these allowances are too small and that plaintiff should have been given ownership of the entire title to the home.

During the period they lived together, husband and wife carried on as bootleggers. He sometimes had three stills and was evidently quite a producer and distributor of illicit liquor. She did her part by keeping the books. After national repeal he had a beer garden in East Omaha, which is in Iowa. She testified that his place was well patronized, and he testified that it had to be closed at the end of the summer and that it produced only $200 profit for him and his partner in two months. When their separation occurred, she testified he had about $12,000 in a safety deposit box. He claims he lost it in his business. It is impossible from the evidence to trace appellant's assets so as to find any substantial amount in his hands at the time of the trial.

We think the court was justified in assuming that any man of defendant's business and qualities would be able to secure and pay the alimony decreed. The monthly payments for support of the children are subject to change and to modification by the district court on proof of changed conditions. The allocation of title in the home and the possession thereof by the wife were wise and proper. The attorney fee was not unreasonable in such a case.

The judgment of the district court is affirmed, with an allowance of $100 attorney fee for appellee in this court.

AFFIRMED.