GERTRUDE C. SCHRADER, APPELLANT AND CROSS-APPELLEE, v. HERBERT H. SCHRADER, APPELLEE AND CROSS-APPELLANT.
26 N. W. 2d 617

Filed March 28, 1947.    No. 32182.

*Gray & Brumbaugh,* for appellant and cross-appellee.

*G. H. Seig,* for appellee and cross-appellant.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Plaintiff, Gertrude C. Schrader, appeals from an order of the district court for Douglas County modifying a decree of divorce as to alimony and the allowance for support and maintenance of minor children. Defendant, Herbert H. Schrader, who made the application to modify, cross-appeals.

The parties will be herein referred to as they appeared in the original divorce action. Appellant, Gertrude C. Schrader, will be referred to as plaintiff and appellee, Herbert H. Schrader, as defendant.

Plaintiff brought the original divorce proceedings on January 27, 1942, and obtained a decree in her favor on May 2, 1942. This decree provided that she should

have the custody of the five minor children who were: Herbert Henry Schrader, Jr., a son, age 17 years; Conquest Louise Schrader, a daughter, age 16 years; Theodore Francis Schrader, a son, age 13 years; Joyce Jeannine Schrader, a daughter, age 9 years; and Beverly Joan Schrader, a daughter, age 7 years.

The decree further awarded to the plaintiff " * * * the use and occupancy of the home now occupied by said parties at 4133 South 24th Street until the youngest child reaches the age of 18 years or until the further order of the Court; the sum of $115.00 per month, payable $57.50 on the 10th of May, $57.50 on the 25th of May, 1942, and of each succeeding month thereafter until further order of the Court for support and maintenance money for said minor children, $10.00 of said sum when and if paid being credited, however, on the sum of $1260.00 alimony herein awarded to plaintiff, so long as said plaintiff continues to occupy the aforesaid home at 4133 South 24th Street, Omaha, Nebraska, said alimony being payable $10.00 per month beginning with the month of May, 1942, and continuing until said $1260.00 has been paid; * * * ."

On August 20, 1943, defendant filed his petition to modify the decree of May 2, 1942, as to the payment of $115 per month for the maintenance and support of the minor children in addition to giving the plaintiff the use of the home.

Defendant set forth as a basis for his petition the following: That his net earnings had decreased and his living costs had increased; that the son, Herbert Henry, Jr., had obtained gainful employment on June 9, 1942, and was at the time of the filing of the petition a member of the United States Marine Corps; that two of the children, Conquest Louise and Theodore Francis, had also obtained gainful employment and were no longer dependent upon the defendant for support; and that plaintiff received $4 per month rent from the garage

which is part of the home property of which he is the owner.

Hearing was had on this petition and the objections filed thereto. On October 15, 1943, the relief defendant asked for was denied. No appeal was taken from this order. The court, in refusing to modify the provision of the original decree of May 2, 1942, found that the son, Herbert Henry, Jr., was in the Army; that the daughter, Conquest Louise, was employed and paid a certain amount for board; and that such service and employment was temporary and not permanent.

Thereafter, on May 23, 1946, defendant filed another petition to modify the provisions of the original decree of May 2, 1942, as to the amount allowed for maintenance and support of the minor children and the use of the home property. As a basis for his request the defendant set forth the following: That the son, Herbert Henry, Jr., became a member of the United States Marine Corps in 1943 and was killed in action on February 26, 1945; that plaintiff, as beneficiary of an insurance policy on the life of the deceased, receives $49.80 per month from the United States Government and will continue to do so for a period of 20 years; that because of her son's death the plaintiff receives a pension of $45 per month from the United States Government; that she was beneficiary of a $2,000 policy of insurance which deceased carried with the Prudential Insurance Company of America; that the daughter, Conquest Louise, was married during the year 1943 and no longer is dependent upon the defendant; that the son, Theodore Francis, became a member of the United States Marine Corps on January 3, 1946, and is no longer dependent upon the defendant; that plaintiff receives $35 from her daughter, Conquest Louise, as rental for living in the home; and that plaintiff receives $5 per month as rental for a garage located on the home property.

On September 19, 1946, the trial court entered an order finding that the son, Herbert H. Schrader, Jr., had

been killed in action on February 26, 1945; that as a result of his death the plaintiff receives a pension of $45 per month and is also beneficiary of a $10,000 policy of War Risk Insurance which is payable in monthly installments; that the daughter, Conquest Louise, was married on December 27, 1943, and is no longer a dependent; that the son, Theodore Francis, enlisted in the United States Marine Corps on January 3, 1946, and is no longer a dependent; that since the entry of the decree on May 2, 1942, the defendant has paid into the office of the clerk of the district court the sum of $3,900 which he directed applied for maintenance and support; that he has paid in and directed applied on alimony a sum sufficient to reduce the balance to $50; that two of the children, Joyce Jeannine, now of the age of 14 years, and Beverly Joan, now of the age of 12 years, are still at home and dependent upon the parents for support; and that the provisions of the decree of May 2, 1942, respecting the use and occupancy of the real property owned by defendant should be continued for the benefit of the two children, Joyce and Beverly, until further order of the court.

The court thereupon ordered: " * * * that the liability of the defendant for maintenance and support of the minor children was, is, and should be shown of record to be fully paid and satisfied to date. * * * that the defendant pay the sum of $68.50 per month, plus the rentals (which now amount to $5.00 per month) from the garage * * *, for the support and maintenance of the two minor children, * * * that the defendant continue, until further order of the Court to permit the two children, Joyce Jeannine Schrader and Beverly Joan Schrader, to remain in the home owned by the defendant at 4133 South 24th Street, * * *; that the custody of said children remain in the plaintiff, and that while plaintiff resides therein with said children she shall not be required to pay, or be liable for, any rent for her personal use and occupancy of * * * said

property. * * * that plaintiff and defendant pay their respective attorneys fees and that the costs be paid equally by them."

Both parties filed motions for new trial and same were overruled. Plaintiff thereupon appealed and defendant cross-appealed.

The first question that presents itself is, does the court have power to modify the original decree by ordering the accrued monthly allowance for the support and maintenance of the minor children to be shown on the record as fully paid and satisfied although part thereof actually remains unpaid?

The decree of May 2, 1942, awarded the plaintiff the sum of $115 per month for the support and maintenance of the minor children. It further provided that $10 thereof, when and if paid, was to be credited on the sum of $1,260 alimony awarded the plaintiff so long as she continued to occupy the home. The alimony was payable at the rate of $10 per month and was to continue until the sum of $1,260 had been paid.

Under this provision of the decree there was due for the period from May 1942, to and inclusive of September 1946, the sum of $6,095, of which $530 was for alimony and the balance of $5,565 for the support and maintenance of the minors. During this period of time the defendant paid into court the sum of $5,110. While he directed how it was to be applied, the decree however expressly directed its division. When the payments are applied, as in the decree directed, it leaves a balance owing of $730 for alimony and $985 for support and maintenance.

That the trial court could not modify these allowances, by directing that these balances be shown as paid when no actual payment had in fact been made, has been fully determined by this court.

In Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51, we said: "An unqualified allowance of alimony in gross, whether payable immediately in full or periodically

in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment. Such an allowance is not subject to modification under the provisions of section 42-324, R. S. 1943."

And in Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340, we said: "Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, marriage, or the reaching of majority, such payments become vested in the payee as they accrue. The courts of this state are without authority to reduce the amounts of such accrued payments." See, also, Morris v. Morris, 137 Neb. 660, 290 N. W. 720, and Sullivan v. Sullivan, 141 Neb. 779, 4 N. W. 2d 919.

It is defendant's thought that since three of the children are no longer dependent upon him for support, and have not been for some time, that a court of equity should be able to grant relief that, in effect, would apply retroactively. However, it will be observed that the original decree provides for the payment of support and allowance for said minor children as a group. We have said in In re Application of Miller, 139 Neb. 242, 297 N. W. 91: "Where an award for child support is made in one amount for each succeeding month for more than one child, it will be presumed to continue in force for the full amount until the youngest child reaches his majority. The proper remedy, if this be deemed unjust, is to seek a modification of the decree in the court which entered it on the basis of the changed circumstances."

Plaintiff seeks to construe the original decree to mean that defendant is only entitled to a credit of $10 per month on the alimony owing in such months as he voluntarily

pays the full amount of $115. In other words, that the court intended to give the defendant a bonus for faithful performance. We do not think the court intended such meaning. The decree provides, "when and if paid" the sum of $10 is then to be credited. It was clearly the intention of the court that of the $115 allowed, when paid, that the sum of $10 should be applied on the alimony and the balance for support and maintenance, just as long as the plaintiff occupied the home property.

It further appears that defendant directed more to be paid on the alimony than had accrued but the decree provides how the money paid in is to be distributed. The distribution should have been made as directed in the decree. When so made it leaves a balance owing for alimony of $730 and an accrued and unpaid balance for support and maintenance of $985. The latter amount, being due and unpaid, the plaintiff is entitled to have immediately paid.

The further question is presented: Do the facts justify the reduction made in the allowance for support and maintenance for the remaining minors?

That the court had jurisdiction to modify the decree if conditions had changed since the previous order is beyond question. As stated in Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6: "The decree for child support in a divorce action is at all times subject to review in the light of changing conditions, regardless of the particular language of the award. * * * Leave is given either party to apply to the district court for a modification of the order made, with respect to * * * allowance for its support, upon showing made of changed conditions." See §§ 42-312 and 42-324, R. S. 1943.

But, as plaintiff contends, what was considered at the time the order was entered on October 15, 1943, cannot be again considered for what was said in Dunlap v. Dunlap, *supra,* is as applicable to allowances for support and maintenance of minors as to payments of alimony. Therein we said: "The basis for changing such pay-

ments in the future must be founded upon new facts which have occurred since the decree was entered, and, in the absence of such facts, the matter is deemed to be res adjudicata between the parties." See, also, Chambers v. Chambers, 75 Neb. 850, 106 N. W. 993.

However, since the decree of October 15, 1943, the status of the dependency of the son, Herbert Henry, Jr., has become permanent in place of temporary by reason of his death on February 26, 1945. As a result of his death the plaintiff receives a mother's pension of $45 per month and insurance payments from the United States Government of $46 per month. Likewise, the status of dependency of the daughter, Conquest Louise, has become permanent in place of temporary. She was married on December 27, 1943, and at the time of the hearing had a 20 months old baby girl. She and the granddaughter are living in the home and paying $35 per month for board and room. The son, Theodore Francis, joined the United States Marine Corps on January 3, 1946, and is no longer living in the home. The only children remaining, who are minors and dependent, are the two daughters, Joyce Jeannine aged 14 and Beverly Joan aged 12. Without going further into detail we think the evidence establishes such a change of conditions, since the order of October 15, 1943, as to entitle the defendant to a reduction of the amount to be paid for the support and maintenance of the remaining two daughters. We find that the allowance of $115 per month should be reduced to the sum of $68.50 per month, commencing with October 1946; that half shall be paid on the 10th and the remaining half on the 25th of each month in which it becomes payable; that out of said payment the defendant shall receive a monthly credit of $10 on the balance of the alimony owing the plaintiff so long as the plaintiff continues to occupy the home property. We also think that the award to the plaintiff of the use of the home property carries with it such rent as she may collect from the garage located thereon

and that such rent is no part of the allowance as herein made.

In determining the amount allowed we have taken into consideration the fact that certain of plaintiff's costs are fixed, whether she has two or more children in her home, and that the cost of living has materially increased. But in view of all factors to be considered we find the amount as herein allowed to be fair and reasonable.

Defendant, by his cross-appeal, raises the question of the power of the court to assign the use of the home for the support and maintenance of the children. The original decree awarded the plaintiff " * * * the use and occupancy of the home now occupied by said parties * * * until the youngest child reaches the age of 18 years or until the further order of the Court; * * *." As stated in Cizek v. Cizek, 76 Neb. 797, 107 N. W. 1012: "Jurisdiction relative to divorce and alimony is given by statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." However, even prior to our present statute so authorizing (see § 42-321, R. S. 1943), we held in Reed v. Reed, 65 Neb. 849, 91 N. W. 857: "The right to the possession of the homestead, being a right accruing to the parties by reason of their marriage, is one which the court should settle upon granting a divorce; * * *." See, also, Turco v. Turco, 128 Neb. 50, 257 N. W. 485. Since such statutory authorization we have frequently held as stated in Bigelow v. Bigelow, 131 Neb. 201, 267 N. W. 409: "The trial court had the legal right to assign the property, both real and personal, acquired during the marriage by the joint efforts of the parties, between the parties as equity required upon the granting of an absolute divorce." See, also, Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238.

We do not think the order of September 19, 1946, in any way modified or attempted to modify the provision in the decree of May 2, 1942, as to the use of the home.

If the order of September 19, 1946, in any way attempted to do so it is not merited by the facts. The family has not grown up and should be kept intact in the home until the children have grown up. We think the award of the possession of the home to the wife, while the family was growing up and in her custody, was both wise and proper. Under such circumstances we think the court had full power to award her the possession of the home for the use of the minor children.

Defendant, in his brief, refers to a letter dated October 11, 1943, written by the judge who entered the order of October 15, 1943. This reference is made for the purpose of calling our attention to the basis for the judge's ruling as in said letter set forth. This letter is no part of the record and therefore not before us. We suggest that if a trial judge wishes to give the basis for his holding it is better procedure for him to do so in a manner so that it will become part of the record and not by letter addressed to either the parties or their counsel.

Plaintiff complains of the trial court's failure to allow her an attorney's fee as authorized by section 42-308, R. S. 1943. This statute makes the allowance thereof discretionary and we do not think, in view of all the facts, that the trial court abused its discretion. However, we allow the plaintiff an attorney's fee of $150 for services in this court, the same to be taxed as costs.

Plaintiff also complains of the trial court's taxing her with half the costs in that court. We find that all the costs, both in the trial court and here, including the attorney's fee here allowed, should be taxed to the defendant.

We therefore direct that the order of the trial court be modified in accordance with this opinion as follows: That there be found due the plaintiff as of October 1, 1946, a balance of alimony in the sum of $730 which continues to be payable at the rate of $10 per month commencing with October 1946; that there is due and

owing the plaintiff, as of October 1946, an unpaid balance for support and maintenance in the sum of $985 which amount the defendant is directed to pay; that commencing with October 1946, the allowance for support and maintenance of the two remaining minors is reduced from $115 per month to $68.50 per month, the same to be payable one-half on the 10th of October and one-half on the 25th of October and correspondingly in each month thereafter; that out of the sum of $68.50 per month, when paid, the defendant shall have a credit of $10 on the alimony payments due the plaintiff, this provision to continue as long as plaintiff occupies the home premises; that plaintiff is entitled to any garage rent which she may collect from the garage located on the home property; that plaintiff be given the continued use of the home property until the youngest of the children now remaining reaches the age of 18 years; and that the court costs, both in the trial court and this court, be taxed to the defendant, this to include the attorney's fee here allowed plaintiff in the sum of $150. As modified the order of the lower court is affirmed.

AFFIRMED AS MODIFIED.