DONALD C. CONNOR ET AL., APPELLANTS, V. CITY OF OMAHA, NEBRASKA, APPELLEE.

174 N. W. 2d 205

Filed February 6, 1970. No. 37353.

Dan J. Whiteside, for appellants.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, James E. Fellows, Allen L. Morrow, Jon B. Abbott, George S. Selders, Jr., Verne W. Vance, and Kent N. Whinnery, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

In this action plaintiffs seek to restrain the defendant city from acquiring their property by eminent domain. Plaintiffs allege the appropriation ordinances are invalid, a failure to negotiate in good faith, and condemnation for a private purpose. These issues were resolved against plaintiffs in the district court. We affirm the judgment of the district court.

The city of Omaha enacted three ordinances declaring the necessity of acquiring property of plaintiffs for park purposes and for a sewer easement. The ordinances authorized the acquiring of the property by negotiation or, if this was not possible, by eminent domain. No action in eminent domain had been commenced at the time this action was brought.

The act encompassing sections 14-366 to 14-371, R. R. S. 1943, was adopted at the 1921 Session of the Legislature.

Section 14-366, R. R. S. 1943, authorizes cities of the metropolitan class to exercise the power of eminent domain to acquire private property for various purposes, including parks and sewers.

Section 14-367, R. R. S. 1943, as originally adopted, required the purpose and necessity for the appropriation to be declared by ordinance and provided for the appointment by the city council of three disinterested freeholders as appraisers to appraise and assess damages and make awards of damages. Also, that if the award was confirmed, it should be paid "as in this act provided."

Section 14-368, R. R. S. 1943, provides that if the amount of the appraisal does not exceed $100,000, the council may proceed and shall levy special taxes or assessments on property especially benefited to the extent of the benefits conferred, and if the levy is insufficient, bonds shall be issued for the excess.

Section 14-369, R. R. S. 1943, provides that if the appraisal exceeds $100,000, the city has 120 days to proceed and the council shall appoint a committee of three of its members to determine the amount of special benefits which would result from the improvement.

Section 14-370, R. R. S. 1943, provides that if the special benefits do not amount to 90 percent of the amount of the appraisal, the proceeding shall be abandoned until bonds have been voted to pay such excess cost.

Section 14-371, R. R. S. 1943, makes provision for a bond election.

Section 14-367, R. R. S. 1943, was amended in 1951. As amended, it requires that the purpose and necessity for the appropriation be declared by ordinance and that the procedure for condemnation set forth in sections 76-704 to 76-724, R. R. S. 1943, be followed. These sections provide a uniform method of procedure to be followed in eminent domain actions.

Plaintiffs assert that the ordinances mentioned are invalid for failure to comply with sections 14-368 to 14-371, R. R. S. 1943. Defendant maintains these sections

were repealed by implication with the adoption of the amendment to section 14-367, R. R. S. 1943, because they are repugnant to this section and sections 76-704 to 76-724, R. R. S. 1943.

Section 14-367, R. R. S. 1943, as originally adopted, provided for the appointment of three disinterested freeholders as appraisers of damages and laid down rules governing the making of appraisals and how they should be reported. Actions prescribed in sections 14-368 to 14-371, R. R. S. 1943, all refer to and are based upon the appraisal so provided for. With the amendment to section 14-367, R. R. S. 1943, as originally adopted, all provisions for the appointment of appraisers and directions for the making of appraisals were deleted. Under such circumstances, sections 14-368 to 14-371, R. R. S. 1943, were rendered inoperable and section 14-367, R. R. S. 1943, as amended, was clearly repugnant to and inconsistent with these sections. That this situation existed and was finally recognized by the Legislature is demonstrated by the repeal of these sections. See L.B. 871, 80th Session of Nebraska Legislature. "Where a legislative act is complete in itself but is repugnant to or in conflict with a prior statute which is not referred to nor repealed by the latter, the earlier statute is repealed or modified by implication by the later act, but only to the extent of the repugnancy or conflict." City of Auburn v. Eastern Nebraska Public Power Dist., 179 Neb. 439, 138 N. W. 2d 629. We are constrained to agree with defendant that sections 14-368 to 14-371, R. R. S. 1943, have been repealed by implication.

Residents of the general area where plaintiffs' property is located had importuned the council of defendant city by petitions and otherwise to establish a park in the vicinity. In response to this public demand, the defendant proceeded to take steps to acquire plaintiffs' property for park purposes and an election was held at which the electorate of the city voted bonds for this purpose. The proposed acquiring of an easement across the same

property for sewer purposes is incidental and becomes irrelevant if the entire property is to be acquired by defendant. In view of the public demand for the establishment of the park and the defendant city's response, it is apparent plaintiffs' contention that the proposed appropriation was for a private purpose is without merit.

In regard to the alleged failure of the defendant to negotiate in good faith for the purchase of plaintiffs' property, it would appear that this action was prematurely brought. There is always time, prior to the filing and determination of an eminent domain action, to negotiate for purchase at private sale. No eminent domain action had been commenced when this suit was brought. In any event, defendant had had plaintiffs' property appraised, apprised plaintiffs of the result of the appraisal, was informed the appraised price was unsatisfactory, and at plaintiffs' request, had a reappraisal which was also unacceptable to plaintiffs. Subsequently, offers exceeding the appraised price were made to plaintiffs and rejected. The evidence fails to sustain the proposition that defendant failed to negotiate in good faith.

The judgment of the district court is affirmed.

AFFIRMED.