MARIANNE W. JACKSON, APPELLEE, V. DAVID R. JACKSON, APPELLANT.

246 N. W. 2d 722

Filed November 10, 1976.  No. 40577.

William G. Line of Kerrigan, Line, Martin & Hanson, for appellant.

Neil W. Schilke of Sidner, Svoboda, Schilke, Wiseman & Thomsen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This appeal arises in an action for dissolution of marriage.  The husband appeals and urges:  (1)  The award of alimony is excessive;  (2)  the property division is unfair to him; and  (3)  the award of child support is excessive.  We clarify and modify the award for child support, but otherwise affirm.

The parties were married in 1956 and have two daughters, one born October 29, 1959, and the other August 13, 1965.  The husband is a business executive and his annual income from salary and commissions is between $30,000 and $36,000.  The husband's salary is payable weekly.  More than half of his annual income is in the form of commissions on sales and this is pay-

able annually. In addition, he receives some fringe benefits from his employment such as a noncontributory retirement plan and the use of an automobile. The wife is currently attending college and plans to obtain a degree after one more year of school. She hopes for a career as an accountant and has had some previous business experience.

The net value of the property of the parties to which any value was assigned was about $70,000, consisting principally of equity in a home in Fremont, Nebraska, and equity in the balance of a contract for a sale of an Ohio home, household goods, and some miscellaneous personal property, including an auto, boat, stock, small savings, and other property of uncertain value. The court awarded to the wife personal property, exclusive of household goods, of a value of about $2,800; the household goods which are of considerable value, part of which consists of antiques which were gifts from her family; and the sum of $9,186 to be paid by husband to wife. This latter amount is approximately one-half of the net value of the balance on the Ohio contract. The husband was awarded the balance due on the Ohio contract and valued property of about $8,300. The court directed that the Fremont house be sold and the net proceeds be divided equally, and it further awarded the wife alimony of $2,700, payable at the rate of $150 monthly. Furthermore, the husband was ordered to pay certain obligations which accrued during the divorce proceedings, the balance of a real estate commission on the sale of the Ohio property, and income tax owed for the year 1975.

The decree awarded child support "at the rate of $150 per week continuing during the time of the minority of the dependents herein." In addition, the husband was required to maintain hospital and medical insurance for the children and during their minority to keep in force certain life insurance policies on his own life and the lives of the children.

It is not possible to determine precisely the values of the property awarded to each party, but the divisions are not clearly inequitable. Neither is the periodic alimony excessive. We find the award for child support ambiguous and modify it as follows: $150 per week until the older child reaches her majority and $100 per week thereafter during the minority of the younger child.

It is apparent that the husband cannot make the alimony and child support payments required solely from his salary. This presents some practical problems for him because the commission income is paid once yearly, but does not justify reducing payments which are otherwise reasonable.

The following principles are applicable. The division of property made by the trial court in a marriage dissolution action will not be disturbed on appeal unless patently unfair on the record. Fanning v. Fanning, 194 Neb. 821, 235 N. W. 2d 878. The fixing of alimony rests in the sound discretion of the trial court, and, in the absence of an abuse of discretion, will not be disturbed on appeal. Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618. Alimony, support, and property settlement issues must be considered together to determine whether the trial court abused its discretion. Olson v. Olson, *supra*.

The wife is awarded the sum of $300 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.