CHARLES A. FERRY, APPELLEE AND CROSS-APPELLANT,
v. DARLENE M. FERRY, ALSO KNOWN AS DARLENE M.
WRIGHT, APPELLANT AND CROSS-APPELLEE.

271 N. W. 2d 450

Filed November 1, 1978.   No. 41656.

James W. Moriarty, for appellant.

Michael G. Helms for Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This appeal arises from a garnishment proceeding to collect past-due child support payments under an order rendered on February 14, 1968, which directed the plaintiff father to pay "the sum of thirty-five dollars per week to the Clerk of the District Court and continuing until further order of this Court, for the support and maintenance of the minor children of the parties hereto." The plaintiff moved to quash the garnishment. The court, on July 29, 1977, denied the motion to quash, but modified the 1968 order to reduce the amount of child support pro rata as of the time each child reached majority or was married.

The defendant mother has appealed and makes the following assignments of error: (1) The court erred in modifying retroactively child support payments which had vested. (2) The order of July 29, 1977, was beyond the power of the court because an earlier order entered on April 29, 1977, denying modi-

fication and reduction, was res judicata of the matter of retroactive modification. (3) The court erred in not allowing interest prior to August 24, 1975, on delinquent payments. (4) The order reducing payments is not supported by the evidence.

The plaintiff has cross-appealed and makes the claim that section 25-1558, R. R. S. 1943, is unconstitutional.

We reverse that part of the order of July 29, 1977, which interprets the order of February 14, 1968, so as to have the effect of modifying the child support payments already accrued. We reverse that part of the order refusing to quash the garnishment, noting that the amount garnished exceeded applicable statutory limitations. We also find that interest should have been allowed on delinquent payments. We remand with directions for further proceedings in accordance with this opinion.

The decree of divorce in this case was entered on December 22, 1964, and awarded "sole and absolute custody of the three younger children" to the plaintiff. It awarded "sole and absolute custody of the oldest child" to the defendant and directed the plaintiff to make semimonthly payments of $22 for that child's support. On February 14, 1968, the court entered a modifying order awarding custody of the three younger children to the defendant and directing plaintiff to pay "thirty-five dollars per week . . . until further order of this Court" for the support of the "minor children of the parties." At that time all four children were still minors and unmarried.

The oldest child, Marta, was married on March 31, 1969. The third child, Kimberly, was married on July 18, 1970. The second child, Charles, was married on November 13, 1970. The youngest child, Jane, was married on May 8, 1976.

The record shows that the plaintiff was aware of Marta's marriage when it occurred but took no action to secure a modification of the support order.

After he became aware of Kimberly's marriage, he began making monthly payments of $80 but again took no action to have the order modified. In June 1976, upon motion of plaintiff, the support order of February 14, 1968, was terminated for the reason that the children were emancipated.

In August 1976, the defendant began proceedings to collect delinquent payments by filing a motion and affidavit asking that the plaintiff be found guilty of contempt. In October 1976, the plaintiff filed a petition to modify the child support order. Among other things, the application alleged that plaintiff had entered into an agreement in February of 1969 with the defendant's attorney for reduction of the payments to $40 per month; but, in violation of the agreement, the defendant made no application for a reduction. Plaintiff further alleged that the defendant fraudulently concealed the marriages and emancipation of the minor children. The application asked that, in accordance with the alleged agreement of the parties, there be pro rata reduction, nunc pro tunc, in the amount of the child support payments as of the dates of the marriage of each of the four children. The contempt and modification hearings were consolidated for trial, and after hearing the court found the plaintiff innocent of contempt but denied the application for modification of the order for child support.

Thereafter, the defendant commenced a garnishment proceeding. It is inferable from the record that, pursuant to an order of the court entered on June 10, 1977, the plaintiff's employer withheld and paid into the office of the clerk of the District Court $429.50, which was plaintiff's entire disposable earnings for one biweekly pay period.

The plaintiff then filed his motion to quash the garnishment, alleging the amount claimed to be due — $10,464.82 — was not correct and that section 25-1558, R. R. S. 1943, was unconstitutional in permit-

ting garnishment of wages without limit. The motion made no other allegations.

Trial of the motion to quash was had before a different judge than the one who had earlier denied the modification petition. The only evidence introduced at the latter hearing was the records of the clerk of the District Court showing the amounts of the payments made by the plaintiff and the plaintiff's testimony that he began monthly payments of only $80 when he learned of the marriage of Kimberly.

On July 29, 1977, the court entered the order here appealed from. It included the following findings: "On April 29, 1977, this Court denied Petitioner's Application for Modification. It is apparent from a review of those proceedings that the question of the amount still due and unpaid for past child support was not determined therein, as the issue was not properly before the Court at that time. A review of the Court's Order of April 29, 1977, discloses that the Court at that time determined only that the procedure employed by the Petitioner was improper, and that the Court would not modify its previous decrees." The court then went on to interpret the order of February 14, 1968, finding: "This Court is of the opinion that the most appropriate and reasonable interpretation of the Order of February 14, 1968, is that as each child becomes ineligible to receive further support, the Petitioner should be entitled to a pro rata reduction in the total amount awarded." It went on to find that, under this interpretation, a total of $8,462.75 had accrued from September 3, 1964, through June 7, 1976; that the plaintiff had paid $6,224.18 and the balance due was $2,238.57. It then ordered that the motion to quash be denied because the amount owing was more than the amount presently held by the clerk.

We now proceed to a discussion of the question of whether the court had the authority to either modify or interpret the order of February 14, 1968. This

court has often held: Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue. The courts are without authority to reduce the amounts of such accrued payments. Smith v. Smith, *ante* p. 21, 265 N. W. 2d 855; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617; Sullivan v. Sullivan, 141 Neb. 779, 4 N. W. 2d 919; Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340. In Schrader v. Schrader, *supra,* we held: "Where an award for child support is made in one amount for each succeeding month for more than one child, it will be presumed to continue in force for the full amount until the youngest child reaches his majority. The proper remedy, if this be deemed unjust, is to seek a modification of the decree in the court which entered it on the basis of the changed circumstances." See, also, In re Application of Miller, 139 Neb. 242, 297 N. W. 91. The record in this case establishes without contradiction that the plaintiff took no action to secure a modification of the support order prior to the time the order of termination was entered at his request in June of 1976. At that time all payments had accrued, and the court could not reduce the accrued payments.

Thus we must next determine whether the court's "interpretation" of the order for support was authorized and supported by the evidence. The effect of our holding in Schrader v. Schrader, *supra,* is that a lump-sum periodic award for more than one child is presumed to continue until there is no longer a child eligible for support. The record contains absolutely no evidence to rebut the presumption prescribed in Schrader v. Schrader, *supra,* nor does it contain any evidence to support an order nunc pro tunc. The proper function of a nunc pro tunc order is not to correct, change, or modify some affirmative action previously taken. Rather, its purpose is to correct

the record which has been made so that it will truly record the action taken, which, through inadvertence or mistake, has not been truly recorded. Ricketts v. Continental Nat. Bank, 169 Neb. 809, 101 N. W. 2d 153. The burden of proving the error is on the moving party. Andrews v. Nebraska State Railway Commission, 178 Neb. 799, 135 N. W. 2d 712. It is true that this court has, on direct appeal from orders setting a lump-sum child support amount for more than one child, modified such orders to provide for a reduction when one or more of the children reaches majority. See Jackson v. Jackson, 197 Neb. 27, 246 N. W. 2d 722. We have thus indicated our preference for having the matter clearly stated. We were not, however, interpreting the trial court's order; we were simply modifying it on trial de novo. So far as we can determine, we have never departed from the rule established in Schrader v. Schrader, *supra.*

While it is unnecessary to consider the question of res judicata, nonetheless, we do so because the question is an important one. The plaintiff argues that res judicata was not pleaded or proved. This argument overlooks the fact that these proceedings are all in the same case. Defendant clearly raised the issue by objection during the hearing on the motion to quash. The prior pleading consisting of the amended application for modification and the previous order of the court denying modification are sufficient to show the identity of grounds for and nature of the relief sought with that involved in the subsequent hearing and order which are now on appeal. These were matters of which the judge could and should have taken judicial notice. A court will take judicial notice of pleadings, orders, and judgments in the case it has before it. Lewin v. Lewin, 174 Neb. 596, 119 N. W. 2d 96; County of Keith v. Triska, 168 Neb. 1, 95 N. W. 2d 350; Solomon v. A. W. Farney, Inc., 136 Neb. 338, 286 N. W. 254.

The remaining question to be decided from the de-

fendant's assignments of error is whether interest accrues on unpaid installments and, if so, at what rate.

The trial court awarded interest of 9 percent per annum on the unpaid balance from August 24, 1975, pursuant to section 42-358.02, R. S. Supp., 1978, which provides for interest on unpaid child support. Defendant contends that she should also receive interest prior to that date pursuant to section 45-103, R. R. S. 1943. That statute provides for interest "on all judgments and decrees for the payment of money from the date of rendition thereof." The interest rate under the statute was 6 percent until July 6, 1972, § 45-103, R. R. S. 1943, and 8 percent thereafter. L. B. 1330, Laws 1972, § 1.

This court has apparently never been called upon to decide the applicability of section 45-103, R. R. S. 1943, to judgments for child support, although we appear to have assumed that such judgments bear interest. Ruehle v. Ruehle, 169 Neb. 23, 97 N. W. 2d 868. There seems to be no reason why the statute should not apply. Since the payments are due in installments, the ordinary rule that interest does not begin on installment judgments until the installment comes due should apply. Dike v. Andrews, 80 Neb. 455, 114 N. W. 582; Cumming v. Cumming, 193 Neb. 601, 228 N. W. 2d 296. We therefore hold that delinquent installments of child support bear interest at the legal rate from the date of delinquency. When the legal rate changes, the new rate applies to all delinquent installments from the effective date of the new rate. Colburn v. Ley, 191 Neb. 427, 215 N. W. 2d 869. In this case the rate would be 6 percent per annum until July 6, 1972, § 45-103, R. R. S. 1943, and 8 percent from that date until August 24, 1975. L. B. 1330, Laws 1972, § 1. Thereafter the rate is 9 percent. § 42-358.02, R. S. Supp., 1978.

Next to be considered is the plaintiff's claim of the unconstitutionality of section 25-1558, R. R. S. 1943.

Section 25-1558, R. R. S. 1943, defines "disposable earnings" and places limitations upon the amount of such earnings which are subject to garnishment. These limitations are defined in subsection (1) of the statute. Subsection (2) (a) provides that these limitations do not apply in the case, among others, of "Any order of any court for the support of any persons; . . . ." Plaintiff contends that the statute is unconstitutional as applied because it permits a garnishment of his entire earnings and thus deprives him of his ability to support himself, his present wife, and his child of the second marriage.

For reasons we now set forth, the constitutional contention lacks merit. Both parties to this action have overlooked the fact that, since section 25-1558, R. R. S. 1943, was amended to its present form, L. B. 1032, Laws 1972, § 133, there have been changes in both state and federal statutes which affect the application of section 25-1558, R. R. S. 1943.

In 1974, without expressly amending section 25-1558, R. R. S. 1943, the Nebraska Legislature enacted a rather comprehensive statute pertaining to payment and collection of money "for the support of a minor child." L. B. 1015, Laws 1974, §§ 6 to 17, effective July 12, 1974. Section 13 of L. B. 1015, now section 42-364.08, R. S. Supp., 1978, exempts from an order to withhold and transmit earnings that portion of the disposable income of a "parent-employee" for any work week which equals 30 times the federal minimum hourly wage in effect at the time the earnings are payable.

Section 25-1558, R. R. S. 1943, insofar as it contains no limitations on garnishment of disposable earnings in aid of an order for support of a person, is inconsistent with the provisions of section 42-364.08, R. S. Supp., 1978. To the extent of the inconsistencies, it seems clear to us that sections 42-364.01 et seq., R. S. Supp., 1978, impliedly repeal section 25-1558, R. R. S. 1943. Where a legislative act is complete in itself

but is repugnant to or in conflict with a prior statute which is not referred to or repealed by the latter, the earlier statute is repealed or modified by the implication of the later act, but only to the extent of repugnancy or conflict. Connor v. City of Omaha, 185 Neb. 146, 174 N. W. 2d 205.

There are also federal restrictions on garnishment to be considered. Title 15, U. S. C., §§ 1671 to 1677. As originally enacted, the federal restrictions, like section 25-1558, R. R. S. 1943, did not apply to court orders for the support of persons. In 1977, the Congress of the United States amended section 1673 of Title 15, U.S.C., and imposed limitations upon the amount of disposable earnings which might be subject to garnishment pursuant to court orders for the support of persons. The act purports to preempt state law in that "no State (or officer or agency thereof)" may enforce any order in violation of this section. Title 15, U.S.C., § 1673 (b), (c).

However, the federal statute does not invalidate all state regulation of garnishment or establish any garnishment procedures but merely preempts state statutes which are less restrictive than federal law. Title 15, U. S. C., § 1677; Phillips v. General Finance Corp. of Florida, 297 So. 2d 6.

As amended, the federal statute provides that, where the person liable for the support of the person is supporting his spouse or his child, other than the ones to which the support order applies, the maximum collectible by garnishment is 50 percent of the disposable earnings for the week. Where he is not supporting such other spouse or child, the maximum collectible is 60 percent. The statute also provides that, if payments are 12 or more weeks delinquent, an additional five percentage points may be collected by garnishment. The amendment became effective June 1, 1977, about 10 days before the order of garnishment was entered in this case.

Because of the federal preemption, the more re-

strictive statute, state or federal, must be applied. In this case, it seems inferable from the evidence that the federal statute is more restrictive and therefore determinative of the maximum amount subject to garnishment. However, this should be determined by the trial court on the evidence after notice and hearing.

We call attention to the fact that, after jurisdiction is properly obtained over the employer, section 42-364.06, R. S. Supp., 1978, gives the court some discretion as to the amount that may be withheld. The amount withheld, of course, may not exceed the maximum determined under the more restrictive statute.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.