REQUESTED BY: William L. Howland, Dawes County Attorney.
Is the county treasurer entitled to receive on behalf of the county for collecting taxes levied by an irrigation district one half of one percent as provided for by Neb.Rev.Stat. § 46-136 (Reissue 1978) or one percent as provided for by Neb.Rev.Stat. § 33-114 (Reissue 1978).
One percent is provided for by Neb.Rev.Stat. § 33-114
(Reissue 1978).
You direct our attention to Neb.Rev.Stat. §§ 46-134,46-135 and 46-136 (Reissue 1978) and Neb.Rev.Stat. § 33-114
(Reissue 1978). As you point out in your request § 46-136
in part provides:
 "The general fund tax mentioned in section 46-135, shall be collected by the county treasurer at the same time, and in the same manner as all other taxes are collected in this state; Provided, however, . . . The county treasurer shall be entitled to a collection fee of one half of one percent on all money collected, to be deducted from the bond interest fund of the district."
The omitted portion deals primarily with the receipt by the county treasurer of past due interest coupons or warrants upon certain bonds. Section 46-135 authorizes irrigation districts to levy a tax for the care and maintenance of irrigation works, the payment of salaries of officers and other general expenses. Section 46-134 authorizes irrigation districts to levy an assessment for the payment of outstanding bonds or obligations. Your question is whether or not the last sentence restricts the collection of one half of one percent to only the money collected for the payment of the bonds or whether it is for all money collected by the treasurer on behalf of irrigation districts. Section33-114 on the other hand in part provides:
 "Each county treasurer shall receive for and on behalf of the county for services rendered to other governmental subdivisions and agencies, where fees for services rendered by him are not otherwise specifically provided, the following fees: . . . (2) for the collection of all sums of money, general or bonded, of drainage, irrigation, or natural resources districts, one percent of such sums so collected;"
It is obvious that these two statutes are in direct conflict.
Section 46-136 was last amended in the Laws of 1919, Chapter 110, section 1, page 270, which was carried forward in the Compiled Statutes of 1922, 1929, and revised statutes of 1943. Section 33-114, on the other hand, was last amended in 1973. Prior to the 1973 amendment in LB 206, section 7, that portion of § 33-114, above quoted, provided for a collection fee of one half of one percent of monies collected on behalf of irrigation districts.
Both statutes are in pari materia, both statutes deal with the identical subject matter and they are in direct conflict. In this circumstance, we believe that repeal by implication is the applicable principle of law, notwithstanding the fact that § 46-136 appears to be the more specific statute and § 33-114 the more general. The Nebraska Supreme Court in Connor v. City of Omaha,185 Neb. 146, 174 N.W.2d 205, said:
 "Where a legislative act is complete in itself but is repugnant to or in conflict with a prior statute which is not referred to nor repealed by the latter, the earlier statute is repealed or modified by implication by the later act, but only to the extent of the repugnancy or conflict."
Thus, in our view, the county treasurer is entitled to collect one percent on all sums collected on behalf of irrigation districts as provided for in § 33-114.