JUDITH R. JOHNSON, NOW KNOWN AS JUDITH JOHNSON KIRCHHOFF, APPELLANT, v. KENNETH LEE JOHNSON, APPELLEE.

340 N.W.2d 393

Filed November 18, 1983. No. 82-720.

Thomas Blount of Garber & Batt, for appellant.

David P. Stokes of Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This action was commenced pursuant to Neb. Rev. Stat. §§ 25-1587 to 25-15,104 (Reissue 1979), the Uniform Enforcement of Foreign Judgments Act, by the appellant, Judith R. Johnson, to register a divorce decree which she had obtained in the circuit court of

Champaign County, Illinois, on February 22, 1977. The decree dissolved the marriage of the parties and, in addition to other provisions, provided for the payment of child support. Specifically, the decretal portion read in part as follows: "D. Defendant is ordered to pay to Plaintiff commencing upon the entry of this Judgment and monthly thereafter the sum of Four Hundred ($400.00) Dollars per month as child support." At the time of the entry of the decree, the parties had four minor children, two of whom subsequently reached their majority. As each child reached the age of majority, the appellee, Kenneth Lee Johnson, without first obtaining an order of the court, reduced the child support by $100 per month. The Nebraska trial court (trial court) determined that the child support was to be applied pro rata among the children and, as each child reached his or her majority, should be reduced proportionately. Accordingly, the trial court proportionately reduced the child support to determine the amount due to date and the amount due each month thereafter. Mrs. Johnson has now appealed to this court, maintaining that the trial court erred in reducing the child support contrary to the provisions of the Illinois decree. We agree with Mrs. Johnson and believe that the matter must be reversed and remanded for further action.

Often, in beginning the analysis of a question of this nature, the court must determine which law should apply. In this case the choice is between the law of Illinois, where the judgment was obtained, and the law of Nebraska, where the judgment was sought to be registered. However, in view of the fact that the law in both jurisdictions is the same, we need not address this matter, but may go directly to the principal issue.

As acknowledged by the appellee, the law in Nebraska, consistent with the majority view in the country, is to the effect that the child support should not be reduced automatically as a child reaches his

or her majority, absent a provision in the decree to that effect. This court repeatedly has held: "Where an award for child support is made in one amount for each succeeding month for more than one child, it will be presumed to continue in force for the full amount until the youngest child reaches his majority. The proper remedy, if this be deemed unjust, is to seek a modification of the decree in the court which entered it on the basis of the changed circumstances." *In re Application of Miller*, 139 Neb. 242, 246, 297 N.W. 91, 93 (1941). See, also, *Schrader v. Schrader*, 148 Neb. 162, 26 N.W.2d 617 (1947); *Ferry v. Ferry*, 201 Neb. 595, 271 N.W.2d 450 (1978).

The same rule prevails in Illinois. In the case of *Finley v. Finley*, 81 Ill. 2d 317, 321, 410 N.E.2d 12, 14 (1980), the Illinois court was asked to examine a divorce decree, entered on October 4, 1965, which provided: " 'That the defendant shall pay to the Clerk of this Court who in turn shall pay the plaintiff herein for the use, support and maintainance [sic] of said minor children the sum of Thirty ($30.00) Dollars per week, said payments to start on Friday, October 8, 1965, and continue until further order of this Court.' " The husband in the *Finley* case, as in this case, maintained that the amounts for the children should be proportionately reduced when the children reached their majority. In rejecting that argument, and in holding that the entire amount remained fixed unless and until adjusted by the court, the Illinois court said at 327-29, 410 N.E.2d at 17-18: "The vast majority of courts, however, hold, as did our appellate court in *Storm* and its progeny cited above, that a single amount to be paid periodically for the support of more than one child is not subject to an automatic *pro rata* reduction. These courts require that the entire sum be paid until the yougest [sic] child attains majority, or until the decree is otherwise prospectively modified by a court order. [Citations omitted.] . . .

. . . .
". . . To allow the obligor-parent to equally divide the support among the children would be in dereliction of the legislative guideline set forth for the determination of the proper amount to be paid as child support. . . . Furthermore, the unilateral reduction of child-support payments constitutes a modification of the support order. The modification of such payments is solely a judicial function which is to be administered only by the court and in its discretion. . . . Automatic reduction in support payments in a case such as the one before us constitutes an infringement upon the discretionary powers of the court to modify an award. . . . In view of the foregoing, we hold that the unilateral *pro rata* reduction of lump-sum periodic support payments for the benefit of more than one child upon the emancipation of a child is impermissible under the new act, as well as under the common law."

We are unable to find any authority, either in this jurisdiction or in Illinois, which would support the action taken by the trial court. Moreover, we believe that the rationale of the Illinois court supports the majority view. Court orders should not be subject to nonjudicial modifications, either by the unilateral action of one of the parties or, for that matter, by the mutual agreement of the parties. Only a court should be able to modify an order previously entered by a court.

Mr. Johnson argues that the decree is ambiguous and, therefore, parol evidence should be admitted to explain the intention of the parties. The fact that the decree does not provide for proportional reduction in child support does not make it ambiguous, nor does it authorize the introduction of parol evidence. Mr. Johnson's argument regarding ambiguity was made to the Illinois court in the case of *Potocki v. Potocki*, 98 Ill. App. 3d 501, 424 N.E.2d 714 (1981). The Illinois Appellate Court rejected this argument, stating at 504, 424 N.E.2d at 717: "Nor is

the provision of the agreement rendered ambiguous by not providing specifically for the continuance or diminishment of the payment upon the child's majority. Under section 18 of the prior divorce act the court could, upon application, terminate or modify the allowance of alimony and child support as it appeared reasonable and proper. (Ill. Rev. Stat. 1975, ch. 40, par. 19.) As the agreement of the parties was merged into the decree, that statutory provision became part of the agreement. (*Herrick v. Herrick* (1925), 319 Ill. 146.) Furthermore, section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(a)) in general seems to carry forward the provision of section 18 permitting modification of maintenance, a term which corresponds to what was formerly called alimony, or child support. . . . As a result, this silence did not render the provision ambiguous but merely left for judicial determination the effect, if any, the son's majority would have upon the allotted payment.''

The fact that a decree fails to provide what is to happen upon the emancipation of a minor child does not create an ambiguity. As in Illinois, the law in Nebraska imposes upon the trial court the obligation to approve the decree, and grants to the court the continuing jurisdiction to modify child support payments. See, *Dunlap v. Dunlap*, 145 Neb. 735, 18 N.W.2d 51 (1945); Neb. Rev. Stat. § 42-364 (Reissue 1978); *Welke v. Welke*, 205 Neb. 426, 288 N.W.2d 41 (1980); *Wheeler v. Wheeler*, 193 Neb. 615, 228 N.W.2d 594 (1975). Mr. Johnson was free, at any time he chose, to petition the court for modification. Furthermore, the parties could have agreed to what was to take place as each child reached his or her majority and then request that the court approve the agreement. Having failed to do so, Mr. Johnson was not free to unilaterally reduce his payments. For these reasons the case is reversed and the cause remanded to the District Court with directions to re-

compute the amount of the child support due to date in accordance with the Illinois decree and this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.