PER CURIAM.
By petition for certiorari we are asked to review a decision of the Florida Industrial Commission, Employment Compensation Board of Review, upholding a ruling of an appeals referee which in turn approved a ruling of a claims examiner, holding that the claimants were disqualified to receive unemployment compensation under the Florida Employment Compensation *48 Act on the ground that their unemployment was due to a labor dispute in active progress. The petition for certiorari recited the following facts:
“(a) These three hundred seven (307) petitioners filed their claims for unemployment compensation benefits on and after January 22, 1969. All petitioners were employed as mechanics, gas truck drivers, inspectors, cleaners, stock clerss or ware-housemen by National Airlines, Inc., a certified air carrier of passengers, cargo, and mail.
“(b) The claims examiner made determinations disqualifying the petitioners for benefits on the ground that their unemployment was due to a labor dispute in active progress which existed at the employer’s premises. Notification of disqualification for unemployment compensation benefits was given to petitioners on or after February 3, 1969.
“(c) Timely appeals were thereafter filed by petitioners on or after February 4, 1969. A consolidated hearing was held before the appeals referee.
“(d) The issue involved as found by the appeals referee was whether claimants’ total of partial unemployment is due to a labor dispute in active progress which exists at the factory, establishment, or other premises at which claimants are or were last employed within the meaning of Section 443.06(4) (a), Florida Statutes.
“(e) The appeals referee made the following findings of fact: (some findings will be challenged by petitioners in their brief as not being supported by competent, substantial evidence). On January 17, 1969, the petitioners employed at the employer plant in Miami received information that three fellow union members employed in a New York airport by the employer had been suspended for refusing to taxi' an aircraft with only two men in the cockpit. It was further found that the petitioners on duty at the time of receiving this information staged a sit down strike.
“(f) It was further found the employer filed proceedings in a Federal District Court and was granted a preliminary injunction enjoining the petitioners, their union and any person acting in concert with the union from striking and the Federal court also ordered that the union restore the status quo. (This preliminary injunction has been appealed and no decision has been rendered to date).
“(g) It was further found that the Federal judge ordered the union to direct its members to return to work on the regular shift on January 20, 1969, and that the union thereafter sent telegrams to its members on January 20, 1969, in which they were advised to return to work for the employer.
“(h) On the same day, January 20, 1969, the employer sent telegrams to the petitioners to the effect that if they did not report to work their employment would be terminated. On January 22, 1969, petitioners’ employment was terminated by the unilateral action of the employer.
“(i) The appeals referee also found that ‘the employer has never ceased his efforts to prevail upon them [petitioners] to return to their job.’
“(j) The appeals referee held that petitioners were unemployed due to a labor dispute in active progress which existed at the premises at which they are or were last employed, within the meaning and purposes of the Florida Unemployment Compensation Law. He also held: ‘Each [petitioner] is subject to disqualification for the period beginning January 17, 1969, and until such time that it is shown to the satisfaction of the Commission that the labor dispute with the employer has ceased to exist.’
“(k) An application for leave to appeal to the Board of Review was timely filed on behalf of all the petitioners. The Board of Review denied the application of petitioners for leave to appeal from the decision of the appeals referee. The *49 Board adopted the appeals referee’s decision as the decision of the Board of Review.”
Regarding the foregoing, the petition alleged that the findings of fact and conclusions of law and decision of the Board of Review were not supported by competent substantial evidence, and that the denial of employment compensation to petitioners unlawfully penalized them for pursuing legal rights accorded them under the Railway Labor Act.
Section 443.06(4), Fla.Stat. F.S.A., provides that one is disqualified for unemployment compensation benefits when the commission finds his total or partial unemployment is “due to a labor dispute in active progress which exists at the factory, establishment or other premises at which he is or was last employed;” (with certain exclusionary provisos which do not appear to be applicable here).
Petitioners argue that because they were discharged by their employer (for refusal to return to work as directed by a federal court order, within a time specified by the employer) the holding that they were unemployed due to a labor dispute was incorrect, and that the employer’s termination of their employment (as of January 22, 1969) placed them in a status entitling them to unemployment compensation. Petitioners further argue that the commission’s order “violated the supremacy clause, claimants’ federal constitutional rights under the fifth and fourteenth amendments and the federal labor policy under the Railway Labor Act.”
We reject, as without merit, petitioners’ contention that the challenged order was not supported by competent substantial evidence. The petitioners abstained from work in violation or breach of an existing collective bargaining contract made by or on their behalf with the employer, in a strike found by the federal court to be unlawful (and from which they were, in effect, enjoined to desist). That such was due to a labor dispute was established by a showing that it represented a concerted refusal to work, picketing and the invocation of strike benefits, because of action taken by the employer with respect to certain employees who had refused to comply with a work direction of the employer, the propriety of which they questioned.
The fact that the petitioners, while unemployed due to an existing labor dispute, were discharged by their employer for failure to resume work as directed by court order, would not operate to entitle them to unemployment compensation. See § 443.-06(1).
The employer invited the petitioners who had been discharged to return to work, subject to temporary, though not necessarily permanent, loss of seniority and certain other benefits. Through procedures offered under the Railway Labor Act, the petitioners sought to establish the right to return to work with no loss of seniority or benefits. They argue that to deprive them of unemployment compensation, while so proceeding, violates their constitutional rights and unlawfully prejudices them for pursuing rights under the federal act. We find those contentions to be unsound because the evidence was sufficient to show, as found by the commission, that their continued absence from work was and remained due to the continuing labor dispute.
No reversible error having been shown, certiorari is denied and the petition is dismissed.
It is so ordered.