PER CURIAM.
The petitioners seek review of decisions of the Industrial Relations Commission of the Florida Department of Commerce which held them to be disqualified to receive unemployment compensation benefits, based on finding their unemployment was due to a labor dispute.[1]
The facts were set out in the petition for certiorari as follows:
“The following are the facts of this case: Petitioners were employed by National Air Lines. They are all members of the International Association of Machinists and Aerospace Workers. On January 31, 1970, another union, the Air Line Employees Association, went on strike against National Air Lines. The strike was lawful and occurred after the procedures of the Railway Labor Act which governed the parties had been exhausted. Petitioners were not among the grade or class of workers represented by the Air Line Employees Association. Petitioners were not on strike. However, from January 31, 1970, to February 20, 1970, Petitioners voluntarily refused to cross the legal picket line of the ALEA. On February 20, 1970, National Air Lines furloughed the petitioners and all others in their class.
“The appeals referee in decisions affirmed by the Industrial Relations Commission held that the petitioners had participated in the labor dispute between the *885 Air Line Employees Association and National Air Lines, within the meaning of Florida Statutes 443.06(4), by voluntarily refusing to cross the lawful picket line. All the petitioners were disqualified for unemployment compensation benefit from January 31, 1970, for the duration of their unemployment which the referee held was due to the ALEA strike.
“Petitioners are unaware of any dispute as to the relevant facts in this cause.”
The initial ruling, by the Claims Examiners on February 11, 1970, was as follows: “You are disqualified beginning January 17, 1969, and for the duration of your unemployment which is due to the labor dispute at the factory or other premises of National Air Lines, Inc.” Request for reconsideration was denied. Appeal to an Appeals Referee resulted in affirmance of the ruling of the Claims Examiners, with a modification thereof which substituted January 31, 1970, as the commencement of the period of the disqualification for benefits.[2] The Commission affirmed the decision of the Appeals Referee. Except for a contention that even if the Florida statutory provision invoked is valid it should not be applied during a period when a striking claimant-employee is furloughed by the employer (a contention rejected in Butcher v. Florida Industrial Commission, Fla.App.1970, 231 So.2d 47), the petitioners, not disputing the applicability to them of § 443.06(4) on the facts, present only the contention that the cited statutory provision is unconstitutional. The petitioners submit that contention in the petition for certiorari and in their brief in the form of a question, as follows:
“Is Florida Statute 443.06(4) as applied to deprive petitioners of unemployment compensation for voluntary refusal to cross a lawful picket line of another union unconstitutional on the grounds that it is in conflict with federal labor law and thus violates Article VI, Clause 2, the Supremacy Clause, of the Constitution of the United States?”
On the facts shown with reference to the status of the petitioners, the action and decision of the Commission was proper under the statute. Ashmead v. Florida Industrial Commission, Fla.App.1963, 155 So.2d 801. However, citing two United States Supreme Court cases,[3] the petitioners contend that under those decisions a state statute disqualifying an employee to receive unemployment compensation benefits for the reasons specified in this instance is unconstitutional. They argue that under those federal decisions, the Florida statutory provision is invalid as frustrating the purposes and principles of the federal labor law and by depriving the petitioners of a lawful right to refuse to cross a lawfully constituted picket line without subjecting themselves to discharge or other employer penalty. We reject those contentions as unsound with relation to the Florida statutory provision in question as applicable to the circumstances of this case. We hold the challenged Florida statutory provision is valid.
Certiorari denied.

. The Florida Unemployment Compensation Law, by § 443.06(4), provides: “For any week with respect to which the division finds that his total or partial unemployment is due to a labor dispute in active progress which exists at the factory, establishment or other premises at which he is or was last employed; provided, that this subsection shall not apply if it is shown to the satisfaction of the division that:” [stating certain provisos not applicable here].

. “Decision: The determinations of the Claims Examiners disqualifying claimants for benefits for the period beginning January 17, 1969, and for the duration of their unemployment which is due to the labor dispute at the premises of employer (-034850) is hereby modified so as to hold that claimants shall be disqualified for the period beginning January 31, 1970, and for the duration of their employment which is due to the Air Line Employees Association labor dispute and the determinations, as modified, are affirmed.”

. Nash v. Florida Industrial Commission, (1967) 389 U.S. 235, 88 S.Ct. 362, 19 L.Ed.2d 438; Brotherhood of Railroad Trainmen, et al., v. Jacksonville Terminal Co., (1969) 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344.