297 So.2d 6 (1974)
Shirley T. PHILLIPS, Appellant,
v.
GENERAL FINANCE CORPORATION OF FLORIDA et al., Appellees.
No. 44212.
Supreme Court of Florida.
May 15, 1974.
Rehearing Denied July 25, 1974.
*7 Malory B. Frier, Tampa, for appellant.
Michael H. Otis, Tampa, for Gen. Finance Corp.
Morris E. White, Tampa, for Tarnow Food Delicacies, Inc.
ADKINS, Chief Justice:
This is an appeal from a judgment entered in garnishment proceedings in the Civil Court of Record for Hillsborough County, Florida. This cause was originally submitted to the District Court of Appeal, Second District, but was transferred to this Court pursuant to Fla. Const., Article V, § 3(b)(1), F.S.A. We have jurisdiction.
The Appellant, Shirley T. Phillips, hereinafter referred to as "Phillips", was defendant and judgment-debtor in the trial court. Appellee, General Finance Corporation of Florida, hereinafter referred to as "General Finance", was plaintiff and judgment-creditor in the trial court and instituted the garnishment proceeding. Appellee, Tarnow Food Delicacies, Inc., hereinafter referred to as "Tarnow Food", was Phillips' employer and garnishee in the trial court. Donald R. Phillips was appellant's husband and co-defendant in the main suit in the trial court. However, he was not a party to the garnishment proceedings and, therefore, not a party to this appeal, although his name is included as an appellee.
A Motion for Writ of Garnishment was filed by General Finance after procuring a judgment against Phillips and her husband. The Writ of Garnishment was issued and directed to Tarnow Food, Phillips' employer. Thereafter, Phillips filed a Motion to Quash the Writ of Garnishment. The trial court, after denying the Motion to Quash, entered a judgment against the garnishee, Tarnow Food. Phillips now appeals.
The principal issue submitted is whether Florida's garnishment statute as applied to wages is in direct conflict with Title III of the Consumer Credit Protection Act of 1968, 15 U.S.C. §§ 1671-1677, and should therefore be declared constitutionally invalid under the Supremacy Clause, Article VI, Clause 2 of the United States Constitution.
Article VI, Clause 2 of the Federal Constitution declares:
"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
Fla. Stat. § 77.01, F.S.A., reads:
"Every person who has sued to recover a debt or has receovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations."
Fla. Stat. § 77.06(1), F.S.A., reads:
"Service of the writ shall make garnishee liable for all debts due by him to defendant and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between the service and the time of his answer."
15 U.S.C. § 1673 states the federal restriction on garnishment and the maximum allowed to be garnished:
"(a) ... the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

*8 (1) 25 per centum of his disposable earnings for that week, or
(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,
whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2)."
......
"(c) No court of the United States or any State may make, execute, or enforce any order or process in violation of this section."
It is clear that Florida garnishment statutory provisions §§ 77.01 and 77.06, F.S.A., do not contain a limitation on the portion of a person's wages that may be garnished, the only exception being the "head of the family" exemption provided by Fla. Stat. § 222.11, F.S.A., while the federal legislation does contain specific limitations. However, the absence of such restriction does not necessarily invalidate the remaining Florida garnishment provisions.
The enforcement of a state statute in the presence of consistent federal legislation does not impair the constitutional supremacy of federal laws. ITT Lamp Division of Int. Telephone & Telegraph Corp. v. Minter, 435 F.2d 989 (1st Cir.1970); United States v. Ruthstein, 414 F.2d 1079 (7th Cir.1969), 81 C.J.S. States § 7.
It has long been a principle of law that both the federal government and the states may exercise concurrent powers and enact legislation concerning the same subject matter, and the action of the state is valid and operative in all respects in which there is no direct and positive conflict with the action of the federal government. Gibson v. Florida Legislative Investigation Committee, 108 So.2d 729 (Fla. 1959); Kelley v. Florida Dept. of Commerce, 239 So.2d 884 (Fla.App.3rd 1970).
Where there is conflict with the federal law, the test in determining whether the state law has been superseded by the federal law is whether the state law frustrates the operation of the federal law and prevents the accomplishment of its purpose. If this occurs, only then must the state law yield. 81 C.J.S. States § 7.
Applying this test to the case sub judice, we find that certain provisions of the Florida garnishment statute tend to frustrate the operation of the federal law on the same subject. Therefore, we hold that the federal legislation pertaining to the maximum allowed to be garnished pre-empts our state garnishment provisions not containing such limitation. Specifically, 15 U.S.C. § 1673, pre-empts Fla. Stat. §§ 77.01 and 77.06, F.S.A. Nevertheless, such preemption does not invalidate the entire Florida garnishment statute.
The Florida garnishment statute details and regulates the procedural steps that a judgment creditor may take to collect his judgment by subjecting the debtor's personal earnings to garnishment proceedings. The Federal garnishment law is completely void of such procedural guidelines. Therefore, it is evident that the provisions of the Florida garnishment statute, omitted from the Federal garnishment law, do not frustrate the effect of the federal legislation. See Hodgson v. Cleveland Municipal Court, 326 F. Supp. 419 (N.D.Ohio, 1971).
In conclusion, we hold that 15 U.S.C. § 1673, is a substantive provision and pre-empts Fla. Stat. §§ 77.01 and 77.06, F.S.A., and that the remaining Florida garnishment provisions are not in conflict with the Federal law and therefore valid.
Therefore, the maximum allowed to be garnished is twenty-five percent of a person's disposable weekly earnings or the amount of such disposable earnings exceeding *9 thirty times the Federal minimum hourly wage in effect, whichever is less.
Accordingly, the order and judgment of the trial court is hereby affirmed.
ROBERTS, BOYD, McCAIN, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
It is a matter of common knowledge that salaries and wages of all United States citizens are now matters of federal concern. They are subject to federal regulation almost without exception, whether in relation to their being "frozen" or fixed as to hours of work or amounts of compensation. I think that in view of overriding federal controls over the subject of wages the federal garnishment statute operates to supersede the Florida garnishment statutes. 15 U.S.C. § 1673 pre-empts Chapter 77, Florida Statutes, F.S.A., in its entirety, except that the wages of the head of a family in Florida may not be garnisheed under Section 222.11, Florida Statutes, F.S.A.