**Fay M. Lane, Administrator of Estate of Harry L. Lane, Deceased, Appellant, v. George Bobis, Appellee.**

**Gen. No. 9,680.**

Opinion filed March 3, 1950. Released for publication March 29, 1950.

DYER & RICHMOND, of Hoopeston, for appellant; C. F. DYER and KENNETH L. RICHMOND, both of Hoopeston, of counsel.

ACTON, ACTON, BALDWIN & BOOKWALTER, of Danville, for appellee; W. M. ACTON and D. S. BALDWIN, both of Danville, of counsel.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

Plaintiff appellant, Fay M. Lane, administratrix of the estate of Harry L. Lane, deceased, brought this action against defendant appellee, George Bobis, for the wrongful death of her husband, charging that decedent was a guest of Bobis in an automobile wrongfully operated by the latter in a wilful and wanton manner. At the close of plaintiff's case, the court directed a verdict in favor of defendant and entered judgment thereon. This appeal follows.

The facts appear to be that on November 6, 1947, at about 1:30 p. m., Bobis was driving his car near Hoopeston, Illinois. He was accompanied by Lane who sat beside him. Each man owned a hunting dog and the two dogs had been placed in the rear seat of the car, for the purpose of taking them out for field training. At a time when they were driving on a gravel road about twelve to fourteen feet wide, the two dogs in the rear seat caused a disturbance. Lane turned around and attempted to separate the dogs. Bobis, who was then driving about twenty-five to twenty-seven miles per hour, also turned his body to join in the attempt. He held the steering wheel in his left hand, took his foot off of the accelerator, and reached toward the rear of the car with his right hand, at the same time calling to his dog to behave. He lost control of the car which ran off of the road and crashed into a tree, causing injuries to Lane which resulted in his death.

██ It is first argued that Bobis was guilty of wilful and wanton misconduct in allowing two strange dogs to be placed together in the car, knowing the tendency of such dogs to create a disturbance. If this be true, Lane was guilty of equal wilful and wanton misconduct, which is a complete defense to an action charging the same wrong. (*Prater v. Buell*, 336 Ill. App. 533.)

 Regardless of this, it is well settled that when the uncontroverted facts in a case, together with all reasonable inferences which may lawfully be drawn therefrom, and viewed in the aspect most favorable to the plaintiff, fail to make a question of fact for the jury, the court should properly direct a verdict for the defendant. Such is the case here, as it cannot be said that the conduct of defendant constituted wilful and wanton misconduct, and the court properly directed a verdict for the defendant. The judgment of the circuit court is affirmed.

*Affirmed.*