**Kathleen E. Anderson, Plaintiff-Appellee, v. Willard C. Anderson, Defendant-Appellant.**

**Gen. No. 64–145.**

Second District.

November 5, 1965.

Berry & Simmons, of Rockford, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford (H. Emmett Folgate, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This is our second review of this dispute concerning child support payments. The parties were divorced in 1952, and the decree required the defendant to pay the sum of $12.50 per week for the support of the minor child born of the marriage. In 1960, the plaintiff remarried. At that time, the defendant agreed with the plaintiff and her new husband that, in consideration of their waiving any further child support payments from him, he would consent to their adoption of the child. Defendant executed a consent to the adoption, and gave it to an attorney representing plaintiff and

the new husband. Defendant assumed that the adoption was thereafter carried through as planned, and made no further child support payments. In fact, the adoption was not effected, and, on November 30, 1962, the plaintiff filed a petition seeking a judgment for the payments which had accrued since 1960. After a hearing on plaintiff's petition, the trial court entered an order adjudging the defendant to be in contempt for his failure to make the payments between 1960 and May 11, 1963. Defendant was ordered to resume the payments of $12.50 per week, and to pay an additional $7.50 per week to make up the arrearage of $1,737.50.

Defendant appealed the contempt order to this court, where the case was reversed and remanded for further proceedings. Anderson v. Anderson, 48 Ill App2d 140, 198 NE2d 342 (1964). We held that, since the defendant had been misled to believe that the child had been adopted, his failure to make the payments had not been wilful and he could not properly be held in contempt for that failure. We remanded the case for a further hearing on plaintiff's petition for judgment for the back payments, and endeavored to indicate (48 Ill App2d at 146, 147), what we felt might be the relevant factors to be considered by the trial court on such further hearing.

On remand, the trial court found that plaintiff was estopped to claim the payments which accrued during the period of defendant's reliance on the adoption agreement, that is, from 1960 until the filing of the petition on November 30, 1962. The court further held, however, that the defendant was liable for the weekly payments accruing after November 30, 1962. Defendant was ordered to pay the arrearage and to continue the current weekly payments as they fall due.

The defendant now brings this appeal from this latest order of the trial court. He argues that plaintiff

is estopped from claiming any payments whatever after the adoption was agreed upon in 1960, on the ground that, in reliance upon that agreement, he ceased all communication with the daughter and thereby became estranged from her. He argues that, since the conduct of the plaintiff has caused him to lose any chance he had to cultivate the love and affection of his daughter, it would be inequitable to compel him to pay for the child's support.

Assuming, without deciding, that defendant's point, if true, would be a good defense, the fact is that there is no evidence in the record from which we could conclude that the defendant has necessarily changed his position with reference to his daughter in reliance upon the adoption agreement. Defendant's position is based entirely upon the argument of counsel, without any evidence to support it. Defendant was given an opportunity to present whatever evidence he wished when the trial court considered the case on remand, and the only witness he called was the lawyer who represented plaintiff and her husband at the time of the adoption agreement. This witness merely testified to the fact that there had been an adoption planned, that defendant executed a consent, and that, thereafter, no adoption petition was filed and the matter was simply forgotten as far as he was concerned. There was no evidence as to what the relationship between defendant and his daughter had been prior to this adoption agreement, and no evidence as to what it is now. There is no evidence that defendant has even attempted to communicate with the child subsequent to his discovery that she had not been adopted. The record is completely silent as to the present attitude of the child toward the defendant. The issues involved in the matter of estoppel are largely questions of fact, and, from the record before us, we are unable

to say that the order of the trial court is contrary to the facts. Accordingly, that order will be affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.