Josephine SCLAFANI, as Administratrix of the Estate of Anthony Sclafani, deceased, Plaintiff,

v.

The LONG ISLAND RAILROAD COMPANY, Defendant.

No. 63-C-1124.

United States District Court
E. D. New York.
May 25, 1967.

E. & S. L. & E. Greenberg, by Milton I. Stockton, New York City, of counsel, for Josephine Sclafani, as Admx. of Estate of Anthony Sclafani, decd.

Weisberg, Kalvin & Sieven, by Howard A. Sieven, New York City, for Joseph Sclafani.

RAYFIEL, District Judge.

This action was brought under the Federal Employers' Liability Act (45 U.S. C.A. Section 51 et seq.) to recover damages for the wrongful death of Anthony Sclafani, the son of the plaintiff, to whom the Surrogate of Queens County issued limited letters of administration for the purpose of prosecuting this action against The Long Island Railroad Company, the decedent's employer.

During the course of the trial the action was settled for the sum of $8,500.00, subject to the approval of this Court and, as provided in said letters, of the Surrogate of Queens County.

The plaintiff duly submitted a proposed order of compromise, approving the settlement, fixing her attorneys' fees, and adjudging her to be entitled to the net balance of the proceeds of said settlement as the only person who has suffered and would be expected to suffer pecuniary loss by reason of the death of the decedent. Notice of settlement of said order was duly given to Joseph Sclafani, the father of the decedent, who, through his attorneys, submitted a proposed counter-order, contending that he was entitled to a substantial portion of the settlement, and requesting a hearing and determination of his claim. This Court granted his request and the hearing thereon was held on May 9, 1967. He was represented by counsel and testified at considerable length in his own behalf.

The evidence adduced at the trial and the hearing established that when the decedent was 6½ years of age his parents were divorced; that except for a period of army service he continued to reside with his mother until his death at the age of thirty; that during his army service he provided for her support with an allotment from his army pay; that he never married; that since the commencement of his employment with the defendant railroad company he turned over to his mother for the maintenance of the household all but $15 of his $79.25 weekly earnings. Decedent's father never sought or received any financial assistance from his son.

Since the son's death the plaintiff has been employed as a seamstress, earning between $1,200 and $1,800 per annum. The decedent's father has since remarried and appears to be self-sustaining, having been engaged in business for some thirty years. He failed at the trial or the hearing to prove that he had sustained or that there was any expectation that he would sustain any loss or damage as a result of his son's death. Since the decedent had only an eighth-grade education and possessed no vocational skills it is unlikely that he could have earned more than a very modest income.

In Michigan Central Railroad Company v. Vreeland, Adm., 227 U.S. 59, at page 68, 33 S.Ct. 192, at page 195, 57 L.Ed. 417, the Supreme Court, in interpreting the Act (45 U.S.C.A. Sec. 51 et seq.), stated:

"This cause of action is independent of any cause of action which the decedent had, and includes no damages

which he might have recovered for his injury, if he had survived. It is one beyond that which the decedent had,— one proceeding upon altogether different principles. It is a liability for the loss and damage sustained by relatives dependent upon the decedent. *It is therefore a liability for the pecuniary damage resulting to them, and for that only.*" (emphasis supplied).

In American Railroad Company v. Didricksen, 227 U.S. 145, at page 149, 33 S. Ct. 224, at page 225, 57 L.Ed. 450, the Court said:

"The cause of action which was created in behalf of the injured employee did not survive his death, nor pass to his representatives. But the act (45 U.S.C.A. Sec. 51 et seq.), in case of the death of such an employee from his injury, creates a new and distinct right of action *for the benefit of the dependent relatives* named in the statute. The *damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits* by the wrongful death of the injured employee. *The damage is limited strictly to the financial loss thus sustained.* * * *" (emphasis and matter in parenthesis supplied.)

In Gulf, C. & St. F. R. Co. v. McGinnis, 228 U.S. 173, at page 176, 33 S.Ct. 426, at page 427, 57 L.Ed. 785, the Court said:

"The statutory action of an administrator is not for the equal benefit of each of the surviving relatives for whose benefit the suit is brought. Though the judgment may be for a gross amount, *the interest of each beneficiary must be measured by his or her individual pecuniary loss.* That apportionment is for the jury to return. *This will, of course, exclude any recovery in behalf of such as show no pecuniary loss.*" (emphasis supplied.)

The cases cited by the attorneys for the decedent's father are clearly factually distinguishable from the instant case.

The Court accordingly finds that Josephine Sclafani, the administratrix herein and mother of the decedent, is entitled to receive the entire proceeds of the aforementioned settlement remaining after the payment of attorneys' fees and disbursements, as provided for in the order to be entered herein.

Because of the limited nature of the letters of administration issued to the plaintiff both the providence of the settlement and the disposition of the funds which are to come into her possession as administratrix hereunder, are subject to the approval of the Surrogate of Queens County.

Settle order on 2 days notice.