PETER L. MORTENSEN, Appellant, *v.* HELEN A. SULLIVAN, Appellee.

(No. 70-260;

Second District—January 19, 1972.

Cowlin & Cowlin, of Crystal Lake, for appellant.

Caldwell, Berner & Caldwell, of Woodstock, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Peter L. Mortensen, the eighteen-year-old minor son of Peter L. Mortensen Sr., and Helen A. Sullivan was killed in an automobile accident in

December of 1969. Helen A. Sullivan was appointed administratrix of his estate which consisted solely of the cause of action. On June 8th, 1970, she filed a verified petition to settle the cause of action for wrongful death and for leave to make distribution of the proceeds thereof. The settlement in the sum of $12,000 was approved by the court and the court made distribution thereof in equal amounts to Helen A. Sullivan, the Administratrix, and his two sisters, and made no distribution to the father.

The parents of the decedent were divorced approximately ten months before his death and the custody of the decedent was awarded to the mother. After the divorce both parents had remarried. Shortly before the death of the decedent the father, who had been making weekly support payments of $10.00, had filed a petition in the divorce proceedings to be relieved from further support payments as the minor was employed and self-supporting.

Subsequent to the above the father of the decedent filed a motion to vacate the order of distribution on the ground that he had not received notice of the hearing for approval of the settlement and distribution. A new hearing was thereupon had by the court. At the hearing the mother testified substantially that the decedent had been residing with her; that he was in fact employed and that he as a minor had purchased a car in her name and that she paid the balance due thereon in the sum of $2456 after the son's death. The father relied almost exclusively on the legal argument of presumption of pecuniary loss in favor of the lineal next of kin. In *Ferraro v. Augustine* (1964), 45 Ill.App.2d 295, 196 N.E.2d 16, the court there stated:

"We conclude that there is a presumption of pecuniary loss in favor of the lineal heirs of the deceased in a wrongful death action from the relationship alone, and that the deceased's parents are such lineal next of kin."

The trial court following the hearing, reaffirmed his decision that the father was in fact entitled to no part of the wrongful death settlement relying somewhat on the fact that the father had filed a petition to be relieved from further support payments for the minor decedent.

■■ The question presented to this court is whether or not the father under the provisions of the Ill. Rev. Stat. 1969, ch. 70, par. 2, is entitled to share in the proceeds of the death settlement of his son under the circumstances outlined above. Distribution under this Act, as amended in 1955, shall be made in the following manner:

"The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of agreed settlement, by the county or probate court, as the case may be, to each of the widow and next of kin of such deceased person in the proportion, as de-

termined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person."

Surprisingly, despite the multitudinous settlements made in wrongful death actions in this State no case directly in point has apparently ever reached the reviewing courts of this State. The Wrongful Death Act of the State of Illinois, Ill. Rev. Stat. 1969, ch. 70, par. 2, was originally enacted in 1853. The Illinois Act was copied from the Wrongful Death Act of the State of New York which was enacted in 1847. The New York Act was substantially a copy of the English Wrongful Death Act commonly known as Lord Campbell's Act, 9th and 10th Victoria, Ch. 93. However, in 1967 the New York Wrongful Death Act was incorporated into and as a part of the New York Estates Powers and Trust Law. While the present New York Statute pertaining to wrongful death matters is in many respects comparable to our present act, the New York act does contain the following provision in section 4—1.4 dealing with the statute of descent and distribution, in the following manner:

"No distributive share in the estate of a deceased child shall be allowed to a parent who has failed or refused to provide for, or has abandoned such child during infancy, whether or not such child dies during infancy, unless the parental relationship and duties are subsequently resumed and continue until the death of the child."

It can thus be seen the present New York statute is more explicit with regard to a question somewhat similar to the issue raised here.

Appellant contends that there is a rebuttable presumption of some substantial damage in favor of lineal next of kin by reason of the relationship alone. *Ferraro v. Augustine, supra,* has been cited by this court with approval in *Jung v. Buelens* (1966), 77 Ill.App.2d 391 at 398, 222 N.E.2d 707. In *Ferraro* the court criticized *Barrow v. Lentz* (1958), 17 Ill.App.2d 527, 15 N.E.2d 120, and in refusing to follow that case rejected the contention that the presumption of loss is a substitute for evidence only with regard to a deceased minor's habits of work and industry, and therefore applied the presumption also in the case of an adult deceased child.

Appellant further contends that in our case, there is no basis in the record for a holding that such a presumption was rebutted.

Appellee disagrees contending that such a presumption would remove much of the court's discretion in making allowances for the varieties of financial circumstances pertaining to various lineal next of kin. In our view, appellee's point has merit, except that her objections may be substantially met by allowing the Judge great latitude in his decision as to whether the presumption has been rebutted or not. We agree with the appellant, however, to the extent that a presumption of loss as pertain-

ing to a trial court's determination of dependency, would protect such a court from having to initially engage in highly speculative evidentiary considerations, at least where the question involved is that of the future attitudes and conduct of a deceased, which is necessarily the situation when a minor is involved, as here. We therefore hold that the presumption of loss as set forth in *Ferraro* was applicable to the proceedings here on review.

Appellant further contends that the record in this case does not sustain a holding that the presumption of loss was rebutted. Although as we have said, wide latitude should be allowed the trial court on this question, it must be emphasized that in this case, the trial court held that there was no possibility that decedent would ever contribute to the father during the father's lifetime after decedent had reached his majority. The basis for this conclusion by the trial court was, in effect, that an "alienation" (a term employed by this court in *Anderson v. Anderson* (1965), 63 Ill. App.2d 358, 211 N.E.2d 492), had occurred, or was about to occur, between the father and son stemming from the father's petition to terminate support payments to the decedent at a time when decedent was allegedly seeking acceptance into a college for the following year. We agree with the trial court insofar as it did not base this determination of no dependency as against appellant on the mere fact that custody of decedent had been awarded adversely to respondent pursuant to the divorce decree. Such circumstances might reasonably diminish appellant's expectation of receiving an amount identical to that of the mother administratrix, but in our view, to completely eliminate the father's share, it would be necessary for the record to reveal that the father was guilty of actual abandonment of decedent, which does not appear here. As indicated above in New York this situation is specifically provided for by statute.

Examining such alienation, then, as the basis for denying recovery to next of kin under Illinois law, we find but one case where such an alienation was so urged. *Chapman v. Gulf, Mobile & Ohio R.R. Co.* (1949), 337 Ill.App. 611, 86 N.E.2d 552. In *Chapman,* even where alienation had occurred to the extent that plaintiff's husband had left his wife in their residence in California and returned to Springfield, Illinois, where he resided for two years prior to his death without ever returning to California, and where plaintiff had obtained an interlocutory decree of divorce in California against him, the court reasoned that "it cannot be properly assumed by us that they would not have become reconciled before the decree became final." The court in *Chapman* did, in effect, hold that the presumption of loss in favor of plaintiff had been rebutted, when it said on page 619:

"* * * before she was entitled to more than nominal damages it was

necessary to *prove* that she had reason to believe she would receive from him support or pecuniary aid had he continued to live." (Emphasis added.)

Of course, in the instant case, the trial court did not even award nominal damages in favor of respondent, which was held to be required in *Chapman*. However, in our view, there is a somewhat greater probability in this case than in *Chapman* that the father and decedent "would become reconciled" to use the language of *Chapman*, even assuming that an alienation would have occurred because of respondent's termination, or attempted termination, of support payments.

■■ We thus turn to the question of whether it was an abuse of discretion for the court to have impliedly held that the presumption of loss in favor of the father had been rebutted by this possible alienation. In *Ferraro v. Augustine, supra*, the court adopted the principle that

"* * * The law presumes some substantial damages from the relationship alone."

and goes on to say on page 302:

"We conclude that there is a presumption of pecuniary loss in favor of the lineal heirs of the deceased in a wrongful death action from the relationship alone, and that the deceased's parents are such lineal next of kin."

Oddly enough, in the instant case both parents of the decedent had remarried. It is therefore to be presumed that the mother was in fact being supported by her present husband and for that reason this court is unable to determine why the trial court should conclude that the substantial pecuniary loss of one parent would be nothing and that of the other parent would be one-third of the settlement. While the law in Illinois is not entirely clear on the question, it appears to be the general consensus of the courts of this State that the children of a parent are responsible for his or her pecuniary needs in old age. Regardless of the degree of affection or closeness between the parent and child the possibility always exists that when a parent reaches retirement due to old age, his normal financial needs become relatively more acute, and that even where a partial alienation has occurred between parent and child, as the trial court had discretion to assume on this record, such a child would still wish to provide some financial aid to his parent.

We therefore reverse and remand for redetermination of the dependencies by the trial court in the light of this opinion with specific directions to the trial court to determine the percentage of dependency of each of the parties herein.

Reversed and remanded.

MORAN, P. J., and ABRAHAMSON, J., concur.