John H. KEITHLEY, Plaintiff-Appellant,

v.

Dorothy B. KEITHLEY, Defendant-Respondent.

Court of Appeals

*No. 79–550. Argued November 28, 1979.—Decided January 28, 1980.*
(Also reported in 289 N.W.2d 368.)

For the appellant there were briefs by *Tinkham, Smith, Bliss, Patterson, Richards & Hessert,* of Wausau, and oral argument by *Peter L. Hessert.*

For the respondent there was a brief by *Terwilliger, Wakeen, Piehler, Conway & Klingberg, S.C.,* of Wausau, and oral argument by *Douglas J. Klingberg.*

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.   John and Dorothy Keithley are the divorced parents of Kenneth Keithley, a minor who was killed in an automobile accident. The Keithleys accepted $21,000 in settlement of their claim for Kenneth's death but could not agree on a division of the settlement proceeds. John started this action claiming he was entitled to 50% of the society and companionship and pecuniary loss as a matter of law. The trial court ruled that division should be based upon the actual loss sustained by each parent. The court considered loss to be a fact question and submitted the question to the jury, which awarded the entire settlement to Dorothy. Because we conclude that it is appropriate in a dispute between parents to divide wrongful death proceeds based upon actual loss, and finding credible evidence in the record to support the division made by the jury, we affirm.

For his claim to 50% of the proceeds, John relies upon three Wisconsin cases in which the supreme court has stated that parents are entitled to recover equally for the wrongful death of their child. *Straub v. Schadeberg,* 243 Wis. 257, 10 N.W.2d 146 (1943) ; *Hansberry v. Dunn,* 230 Wis. 626, 284 N.W. 556 (1939) ; *Munsert v. Farmers Mutual Automobile Insurance Company,* 229 Wis. 581, 281 N.W. 671 (1939). None of the cases, however, involved any dispute between the parents as to the division.

In each case, the court was concerned with recovery by a parent as against the party causing the child's death. The issue raised here was not raised or decided, and these cases are therefore not precedent on the question of division in a dispute between the parents of a deceased child.

John also contends that the wrongful death statute, sec. 895.04, Stats., requires an equal division. We cannot find this requirement in the language of the statute and will not interpret the statute in this manner because it would cause an unreasonable result. Courts should construe statutes to avoid unreasonable results. *Estate of Evans,* 28 Wis.2d 97, 135 N.W.2d 832 (1965).

We conclude that in a dispute between parents, the better reasoned rule is to permit division of wrongful death proceeds, whether resulting from an award or settlement, based upon the actual loss suffered by each parent. Wrongful death damages are not automatically recoverable; the survivors must prove their loss. *Peot v. Ferraro,* 83 Wis.2d 727, 266 N.W.2d 586 (1978). The purpose of allowing damages is to compensate survivors for their loss. The amount of the damage is a question of fact and is left to the discretion of the jury. *Mertens v. Lundquist,* 15 Wis.2d 540, 113 N.W.2d 149 (1962). Furthermore, wrongful death damages do not become a part of the decedent's estate, *Wurtzinger v. Jacobs,* 33 Wis.2d 703, 148 N.W.2d 86 (1967), to be divided simply on the basis of a biological relationship. Courts in other jurisdictions have reached similar conclusions. *See, e.g., Sclafani v. Long Island Railroad Company,* 268 F. Supp. 765 (E.D.N.Y. 1967) ; *Lombardo v. Pollock,* 21 Ariz. App. 537, 521 P.2d 636 (1974) ; *Changaris v. Marvel,* 231 Cal. App.2d 308, 41 Cal. Rptr. 774 (1964) ; *Mortensen v. Sullivan,* 3 Ill. App.3d 332, 278 N.E.2d 6 (1972) ; *Sun Cab Company v. Walstson,* 15 Md. App. 113, 289 A.2d 804 (1972) ; *Parker v. Chrysler Motors Corpora-*

*tion,* 88 Nev. 560, 502 P.2d 111 (1972) ; *Schmoll v. Creecy,* 54 N.J. 194, 254 A.2d 525 (1969) ; *Williford v. Williford,* 288 N.C. 506, 219 S.E.2d 220 (1975) ; *In re Estate of Cline,* 1 Ohio Misc. 28, 202 N.E.2d 736 (1964) ; *Mobil Pipe Line Company v. Goodwin,* 492 S.W.2d 608 (Tex. Ct. App. 1972) ; *Jordan v. Delta Drilling Company,* 541 P.2d 39 (Wyo. 1975).

The inflexible 50% division contended for by John could force an unfair loss on one parent while granting a windfall to the other parent. The differing ages of parents, their marital status, and their relationship with the child must realistically be recognized as bearing upon society and companionship loss. The age, financial situation, health, and relationship of the parents with the child would realistically affect the need for and likelihood of future support and, consequently, pecuniary loss.

In this case, John may not have been able to prove any damage had he been permitted to bring an action on his own. He admitted he had received no financial benefit from his son and did not expect to receive any in the future. He had never lived with his son or even in the same city as his son. He testified that he had only seen his son once in ten years and had only infrequent contacts with his son by either letter or telephone. Conversely, there was testimony from which a jury could find a loss to Dorothy in an amount equal to or greater than the settlement. On these facts, to order half of the settlement to John would deprive Dorothy of a fair recovery for her loss and would allow some recovery to John, who apparently sustained no loss.

Three remaining issues are raised by John and require brief comment. John claims that the trial court erred when it instructed the jury to disregard expert witness testimony that under Wisconsin law the estate of a deceased minor child is divided equally between the parents

regardless of whether they are divorced. Since the wrongful death settlement was not a part of the child's estate, *Wurtzinger, supra,* the trial court was correct in concluding that testimony on intestate succession was irrelevant and should be disregarded by the jury. Sections 904.01 and 904.02, Stats. Decisions on relevance are left to the discretion of the trial court and will be accepted unless there has been an abuse of discretion. *Chart v. General Motors Corporation,* 80 Wis.2d 91, 258 N.W.2d 680 (1977).

John also claims that the trial court erred in admitting testimony regarding the relationship between Dorothy and her son because it was both irrelevant and highly prejudicial. Although we do find this testimony relevant, John did not object to the admission of this testimony at trial, and we need not consider this objection for the first time on appeal. *Schueler v. City of Madison,* 49 Wis.2d 695, 183 N.W.2d 116 (1971).

Finally, John contends that the evidence did not support a jury finding that certain burial expenditures made by Dorothy were reasonable. In view of our decision supporting the jury verdict entitling Dorothy to 100% of the settlement, we need not decide this issue.

*By the Court.*—Judgment affirmed.