MARY L. SCULLY, APPELLEE, V. DANIEL T. SCULLY,
APPELLANT.
331 N.W.2d 801

Filed April 1, 1983. No. 81-890.

Hal Bauer of Bauer, Galter & Geier, for appellant.

Douglas W. Marolf, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and SPRAGUE, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Daniel T. Scully, respondent-appellant, appeals an order denying his application to modify a child support judgment, claiming that he provided full support of the children during a period of attempted family reconciliation with petitioner-appellee, Mary L. Scully. We affirm.

The 1975 original decree provided in part: (1) Assignment of the family home to appellant; (2) An alimony award in favor of appellee in the amount of $265 per month ending in June 1983; (3) Award of custody of daughters Dianna, born November 19, 1962, and Dana, born December 15, 1963, to appellee; (4) Appellant ordered to provide medical and dental care and to pay child support for the two daughters in the sum of $150 per month for each child; and (5) Award of custody of son Daniel, born November 6, 1959, to appellant. Appellee moved to Iowa. All accrued alimony payments have been paid.

Appellant was current on all child support payments until April 1977 when appellee and the two daughters returned to appellant's home in Lincoln, Nebraska, after the parties had agreed to attempt a family reconciliation. Appellant discontinued child support payments. The parties did not marry. They lived together with the children until June 1980 when appellee and Dana left the home. Dianna remained in the home with appellant and appellant resumed payment of $150 a month child support for Dana. In March 1981 appellant received notice from the clerk of the District Court that he was in arrears for child support in the sum of $11,700. No proceedings were instituted to recover the delinquencies by either appellee, Neb. Rev. Stat. § 42-370 (Reissue

1978), or other authority, Neb. Rev. Stat. § 42-358 (Reissue 1978).

Appellant filed his application on April 3, 1981, alleging that during the period of attempted reconciliation "both of said children resided in Respondent's home and Respondent fully supported said minor children . . . ." The prayer was for an order finding that he had paid child support in kind by actual support of the children. Appellee's answer was a general denial. The trial court found: "The evidence is insufficient to find that Respondent is entitled to credit for child support payments during said period . . . ."

Appellant assigns a general claim of error. He argues equitable estoppel, accord and satisfaction, and acquiescence.

Giving the pleadings and the evidence a liberal interpretation, equitable estoppel was an issue. See, *Robbins v. National Life & Acc. Ins. Co.,* 182 Neb. 749, 157 N.W.2d 188 (1968); *Ruehle v. Ruehle,* 161 Neb. 691, 74 N.W.2d 689 (1956).

During the reconciliation period appellant was self-employed, earning about $65,000 annually, and appellee worked from September 1977 to June 1980, earning a total sum of $18,000. Both parties had separate bank accounts and contributed to the family living expenses. Appellee testified that all of her earnings, all $265 alimony payments, and all other contributions she received from appellant were spent for expenses of the five-member family, including food, clothing, household items, entertainment, health care, and beauty aids for herself and the two girls. She documented most expenditures by canceled checks totaling approximately $18,000. Appellant testified that he furnished the family home, including loan interest, taxes, repairs, insurance, and upkeep; that he gave appellee $70 or $80 a week for family groceries; that he provided family autos; and that he paid for clothing, entertainment, and medical and dental care for the children. None

of these expenditures were corroborated except as related to the house and groceries.

"Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue. The courts are without authority to reduce the amounts of such accrued payments." *Ruehle v. Ruehle, supra* at 698, 74 N.W.2d at 693.

An exception to *Ruehle* was considered in *Smith v. Smith,* 201 Neb. 21, 28-29, 265 N.W.2d 855, 860 (1978), where we held: "This court does not have authority to reduce past-due installments of child support. This is not to say, however, that it may not find in a proper case that a party has equitably estopped herself from collecting installments accruing after some affirmative action which would ordinarily terminate future installments."

. . . .

". . . 'Equitable estoppel is based upon grounds of public policy and good faith and is interposed to prevent injustice and inequitable consequences. Ordinarily, there must be a reliance in good faith upon statements or conduct of the party to be estopped and a change of position by the party claiming the estoppel to his injury, detriment, or prejudice.' " The claimed estoppel in *Smith* involved an adoption proceeding.

Appellee's representations to appellant were her unexplained silence and inaction. When she returned to Lincoln, appellant told her that he would pay all the bills. There was never any further agreement or discussion between the parties concerning either payment, nonpayment, waiver, substitute payments, or satisfaction of child support obligations. Appellant immediately discontinued payments. Appellee made no objection or demand for the same, and she took no affirmative court action to recover on the judgment. Her silence and inaction

are not explained in the record, and it is not for courts to speculate or supply answers, under these and similar circumstances, where general rules cannot be formulated. See 47 A.L.R.3d 1031 (1973).

There were no inducements here upon which appellant in good faith could rely. His proof of change of position and prejudice is also less than convincing. Some of his family expenditures did increase during this period, since they were made for five persons in an effort to make the attempted reconciliation succeed. At the same time, appellee contributed all of her funds toward the support of the same five persons. Certainly this was not in keeping with appellant's representation that he would pay all the bills.

Appellant's relief was to utilize the available forum and procedures. *Ferry v. Ferry,* 201 Neb. 595, 271 N.W.2d 450 (1978). The District Court order should be affirmed. There is no merit for appellant's claim of accord and satisfaction and acquiescence.

AFFIRMED.